[Civ. No. 5292.   First Appellate District, Division One.—December 2, 1925.]

THOMAS MOORE, Appellant, v. WILLIAM J. BURTON et al., Respondents.

[1] NEGLIGENCE — LEVEE DISTRICTS — PUBLIC OFFICERS — ACTION FOR DAMAGES—PLEADING—PROXIMATE CAUSE.—In an action for damages against the trustees of a levee district for injuries to the crops and vines on plaintiff's land from overflowing waters due to the alleged negligence of defendants in failing to repair a broken levee and in erecting certain dams, notwithstanding the provisions of subdivisions (1) and (2) of section 1 of the act approved May 18, 1919 (Stats. 1919, p. 756), which limit recovery against such officers to cases where "the defective or dangerous condition was the direct and proximate" cause of the injury suffered, it is not necessary that the complaint aver in terms that such negligence was the proximate cause of the injury, but it is sufficient if it fairly appears from the allegations of the complaint that the injuries described resulted directly and proximately from the negligent erection and maintenance of the dam.

[2] ID. — PUBLIC WORKS — DEFECTIVE CONDITION — ACT OF MAY 18, 1919.—The provisions of the act of May 18, 1919 (Stats. 1919, p. 756), make a distinction between those cases where defective and dangerous conditions in public work are directly attributable

---

1.  See 19 Cal. Jur. 677; 20 R. C. L. 175.

to negligent construction in the first instance by an officer having the immediate control or direction of such work, and those wherein such conditions are due to the negligence of persons not under his supervision, or to use, accident, or natural causes.

[3] Id. — Liability of Public Officers — Notice. — The provisions of the act of May 18, 1919 (Stats. 1919, p. 756), requiring notice of dangerous and defective conditions in public work, due to the negligence of persons not under the supervision of the officer having immediate control or direction of such work, or to use, accident, or natural causes, do not relieve from liability an officer whose negligence is the direct cause of the conditions from which an injury results, unless it shall first appear that such officer had notice of the conditions and the authority and duty, with funds available, to remedy them and that he failed to do so within a reasonable time or to give adequate warning thereof. .

[4] Id. — Failure to Repair Broken Levee — Pleading. — In an action against the trustees of a levee district to recover damages for negligently failing to erect dams and to repair a broken levee, the complaint is sufficient under the act of May 18, 1919 (Stats. 1919, p. 756), where it fairly appears from the facts therein alleged, aside from a direct averment of negligence, that the erection of the dams at the place and in the manner described was negligent, that the act was done under the direction of the trustees, that a dangerous condition was thereby created which was directly attributable to such negligence, and from which, as an immediate result, the injury followed.

[5] Id. — Injury Resulting from Use of Public Property — Care — Property not Susceptible to Use. — The provision of subdivision (4) of section 1 of the act of May 18, 1919 (Stats. 1919, p. 756), which requires that it shall appear that the injury was sustained while the public work or property was being carefully used, has no application where the work described was not of a character permitting its use by plaintiff.

[6] Id. — Defective Public Work — Due Care — Pleading — Burden of Proof. — Under the provisions of subdivision (4) of section 1 of the act of May 18, 1919 (Stats. 1919, p. 756), which limits the liability of public officers for any damage or injury to property resulting from defective or dangerous condition of public work or property unless it appears that damage or injury was sustained while such public work or property was being carefully used to avoid danger due to such condition, the burden is placed upon the plaintiff to allege and prove that due care has been exercised by him to avoid injury, both in cases where defective public work

3.  See 19 Cal. Jur. 131; 22 R. C. L. 484.

was being used by the person injured and those wherein the injuries complained of were unconnected with its use by such person.

[7] ID.—CONTRIBUTORY NEGLIGENCE—AVOIDANCE OF INJURY—PLEADING. While subdivision (4) of the act of May 18, 1919 (Stats. 1919, p. 756), changes the rule generally applicable in negligence cases, and places the burden upon the plaintiff in actions against public officers under that statute of showing the use of due care to avoid injury, it is sufficient if it is alleged in general terms that due care was exercised to avoid the danger due to the condition described, or if it appear by reasonable inference from the facts alleged that such care was used, or that by the exercise of ordinary care the injury complained of could not have been avoided by the plaintiff.

[8] ID.—PLEADING—CONTRIBUTORY NEGLIGENCE—SUFFICIENCY OF COMPLAINT.—The allegations of the complaint as to plaintiff's freedom from contributory negligence and the exercise of due care sufficiently met the requirement of subdivision (4) of section 1 of the act of May 18, 1919 (Stats. 1919, p. 756), where it fairly appeared therefrom that by the acts described and alleged to have been negligent a dangerous condition was created, that neither the danger nor the injury complained of could have been avoided by the exercise of ordinary care by plaintiff and that by no act or omission on his part was the damage caused or contributed to.

---

(1) 36 C. J., p. 1030, n. 88; 29 Cyc., p. 573, n. 42.   (2) 36 C. J., p. 1005, n. 23.   (3) 36 C. J., p. 1030, n. 86 New.   (4) 36 C. J., p. 1030, n. 88.   (5) 36 C. J., p. 1006, n. 80 New.   (6) 36 C. J., p. 1030, n. 90.   (7) 36 C. J., p. 1030, n. 88; 29 Cyc., p. 565, n. 15, p. 570, n. 21, p. 581, n. 1, p. 601, n. 60.   (8) 36 C. J., p. 1030, n. 88.

APPEAL from a judgment of the Superior Court of Riverside County. G. R. Freeman, Judge. Reversed.

The facts are stated in the opinion of the court.

Dean Edgerton for Appellant.

I. W. Stewart, Joe Crider, Jr., and Arvin B. Shaw, Jr., for Respondent.

CASHIN, J.—An action by appellant to recover damages alleged to have resulted from the negligence of respondents William J. Burton, Edwin F. Williams, and G. B. Alexander Rife, as trustees of the Palo Verde Joint Levee District of Riverside and Imperial Counties, the corporation respondent

being surety for each of said trustees on his official bond. A demurrer to the complaint having been sustained appellant declined to amend, whereupon judgment was entered for respondents and the appeal taken therefrom.

The levee district mentioned, in which is situated certain land owned by appellant, has constructed for the protection of the lands therein from the overflow waters of the Colorado River certain levees along and near the west bank thereof, one of such levees being referred to in the complaint as the Standard levee, situated between the river and the land of appellant. The complaint alleges that the natural slope of the lands within the district and the flow of the river are from north to south; that during the month of June, 1921, the levee mentioned was by the action of the waters of the river cut and about fifty feet thereof washed away; that several overflows therefrom followed which passed through the broken levee, none of which, however, reached the land of appellant until the last week in August of that year, when the damage complained of occurred in the manner hereinafter stated. It is further alleged that the trustees negligently failed to repair the broken levee; that between the time of the injury thereto and the damage to appellant's land alleged they negligently caused two dams to be constructed and maintained across a certain borrow-pit, the pit mentioned being a part of the system provided for the protection of the lands within the district and which was, as may be inferred from its description in the complaint, a trench running parallel with and west of the damaged levee; that during the fourth week of August, 1921, the overflow waters of the river passed through the break described and, in the words of the pleader, "the last-mentioned overflow waters, held back from flowing with the natural contour of the land by the two dams constructed across said borrow-pit as hereinafter alleged, backed up and overflowed" the land of appellant, causing damage to certain vines and crops growing thereon. The location of appellant's land with relation to the break in the levee and the dams mentioned is not clear from the complaint. Giving the pleading, however, the construction prescribed by law (Code Civ. Proc., sec. 452; *Estate of Wickersham*, 153 Cal. 603, 608 [96 Pac. 311]; *Burian* v. *Los Angeles Cafe Co.*, 173 Cal. 625 [161 Pac. 4], it may fairly be inferred from the foregoing alle-

gations as to the effect upon the overflow waters of the river of the dams described that such land was situated to the north or west thereof; that the damage thereto was not directly caused by the failure of the trustees to repair the broken levee, but by the construction and maintenance of the dams, which prevented the flood waters from flowing through the borrow-pit and thence to the south, and that in the absence of such dams these waters would not have reached or overflowed the land described, but by reason thereof spread to the north or west, causing the damage of which appellant complains.

It is contended by respondents that under the provisions of the act relating to the liability in damages of the officers of districts for injuries to person or property from defects and dangers in public work, property, etc., approved May 18, 1919 (Stats. 1919, p. 756), the liability of the officers of a levee district depends upon certain facts therein enumerated, and that it is essential to the statement of a cause of action against such officers that these facts, which, according to the act, "shall first appear," be alleged. The material portions of the act mentioned and upon which respondents rely are as follows:

"Section 1. No officer of any district . . . shall be liable for any damage or injury to any . . . property hereafter resulting from the defective or dangerous condition of any public . . . work or property, unless it shall first appear:

"(1) That the injury sustained was the direct and proximate result of such defective or dangerous condition,

"(2) That such officer had notice of such defect or dangerous condition or that such defective or dangerous condition was directly attributable to work done by him, or under his direction, in a negligent, careless or unworkmanlike manner,

"(3) That he had authority and it was his duty to remedy such condition at the expense of the state or of a political subdivision thereof, and that funds for that purpose were immediately available to him, and

"(4) That, within a reasonable time after receiving such notice and being able to remedy such condition he failed so to do or failed to take reasonable steps to give adequate warning of such condition; and then only when it shall further appear that such damage or injury was sustained

while such public . . . work or property was being carefully used, and that due care was being used to avoid the danger due to such condition; provided, however, that this act shall not be construed as enlarging the duty or liability of any public officer.''

[1] While the provisions of subdivisions (1) and (2) of the section quoted limit recovery against such officers to cases where ''the defective or dangerous condition was the direct and proximate'' cause of the injury suffered, thus changing the rule of proof which in ordinary negligence cases requires only that the negligent act shall be shown to have been the proximate, though not necessarily the direct, cause of the injury alleged (*Goehring* v. *Rogers,* 67 Cal. App. 260 [227 Pac. 687]), the well-settled rule of pleading in negligence cases, although requiring a causative connection between the act of negligence and the injury to be alleged, does not require that the complaint aver in terms that such negligence was the proximate cause thereof if such connection appears by fair intendment from the facts alleged therein (19 Cal. Jur., Negligence, sec. 101; *Soule* v. *Weatherby,* 39 Utah, 580, Ann. Cas. 1913E, 75 [118 Pac. 833]; Standard Ency. of Proc., vol. 20, p. 313); and as the act neither expressly nor by necessary implication requires the facts mentioned to be directly averred, it is our conclusion that the sufficiency of the complaint in this respect is to be tested by the general rule stated; and it fairly appearing from the allegations of the complaint that the injuries described resulted directly and proximately from the negligent erection and maintenance of the dams described, the pleading in this particular was sufficient. [2] It appears from the various provisions of the act in question to have been the intention of the legislature to make a distinction between those cases where defective or dangerous conditions in public work are directly attributable to negligent construction in the first instance by an officer having the immediate control or direction of such work, and those wherein such conditions are due to the negligence of persons not under his supervision, or to use, accident, or natural causes, by requiring in the latter instances notice thereof, the authority and duty, with funds available, to remedy those conditions, and that it shall first appear, these facts being shown, that he failed

to remedy them within a reasonable time or give adequate warning thereof.

[3] To hold that it was designed to relieve from liability, unless the facts last enumerated appear, those officers whose negligence was the direct cause of the conditions from which injury to individuals directly resulted would be to extend the rule now applicable to cases of nonfeasance to official misfeasance, and with it the immunities which considerations of justice as well as policy render proper for the protection of those whose duties in the first instance have been properly performed—a construction limiting a just and long-established rule of liability (*Dillwood* v. *Riecks*, 42 Cal. App. 602 [184 Pac. 35]; *Perkins* v. *Blauth*, 163 Cal. 782 [127 Pac. 50]; 22 R. C. L., Public Officers, p. 484), and not required by the language of the statute or reasonably to be held to be the legislative intent.

[4] The complaint in the instant case having alleged facts from which it fairly appears that the erection of the dams at the place and in the manner described was, aside from the direct averment, negligent; that the act was done under the direction of the trustees, that a dangerous condition was thereby created which was directly attributable to such negligence and from which as an immediate result the injury followed, the pleading was, according to our construction of the statute, in these respects sufficient.

[5] To the facts as alleged in the complaint the further provision of subdivision (4) of the section, requiring that it shall appear that the injury was sustained while the public work or property was being carefully used, clearly has no application, it appearing that the work described, unlike roads, bridges, or works constructed for similar purposes, was not of a character permitting its use by appellant.

It is further alleged by respondents that in actions against public officers the last-mentioned subdivision changes the general rule that contributory negligence, if relied upon as a defense, must be pleaded and proved by the defendant, by requiring a plaintiff to plead and prove that due care had been exercised by him to avoid the danger due to defective or dangerous conditions, while it is contended by appellant that this provision of the statute relates only to care in connection with the use of public work.

75 Cal. App.—26

[6] We are of the opinion that it clearly appears from the language of the statute that it was the intention of the legislature to require the same allegations and proof of the exercise of due care to avoid injury, both in cases where defective public work was being used by the person injured and those wherein the injuries complained of were unconnected with its use by such person. Numerous situations arise where, for purposes temporary or permanent, structures are erected or conditions created which, unless due care be exercised as to the place of erection or the manner of construction, may be the direct cause of injury to individuals who in no proper sense can be said to be using such public work, but whose want of ordinary care is a proximate contributing cause of the injury suffered.

In the case of *Ham* v. *County of Los Angeles,* 46 Cal. App. 148, 160 [189 Pac. 462], in which it was sought to hold certain highway officials liable for damages growing out of injuries due to the defective condition of a bridge, it was held that the act known as the Pridham Act (Stats. 1911, p. 1115), repealed by the act here in question (which contained, in addition to provisions similar to those in the later act, a provision that "it shall further appear that the damage or injury was sustained while said street, highway, public building, public work or property was being carefully used and that due care was being exercised to avoid such danger"), changed the rule generally applicable in negligence cases, and placed the burden upon the plaintiff, in actions against public officers in the cases mentioned, of showing affirmatively the use of due care to avoid injury. This provision having been substantially re-enacted by the repealing act, and having been construed as above, the same construction may reasonably, and on the authority of the case cited should be, given to the later statute.

[7] It being the rule that contributory negligence, if relied upon as a defense, must be pleaded as well as proved, a rule that a plaintiff as a condition to recovery must show affirmatively the absence of contributory negligence reasonably and according to the settled principles of pleading requires the ultimate facts in that connection to be alleged (*Allen* v. *Home Ins. Co.,* 133 Cal. 29 [65 Pac. 138]; *Spring Valley Waterworks* v. *San Francisco,* 82 Cal. 286, 323 [16 Am. St. Rep. 116, 6 L. R. A. 756, 22 Pac. 910, 1046]; *Green*

v. *Palmer,* 15 Cal. 411, 415 [76 Am. Dec. 492]). Again, however, a fair construction of the statute does not lead to the conclusion that it was the intention to require in such cases greater particularity in the statement of facts than in ordinary negligence actions, it being sufficient in the latter class to allege negligence in general terms, specifying the particular acts or omissions alleged to have been negligent (*Cary* v. *Los Angeles Ry. Co.,* 157 Cal. 599 [21 Ann. Cas. 1329, 27 L. R. A. (N. S.) 764, 108 Pac. 682]; *Stephenson* v. *Southern Pac. Co.,* 102 Cal. 143 [34 Pac. 618, 36 Pac. 407]), or the specific acts which constitute the negligence complained of provided the circumstances alleged are such as to justify an inference of negligence (*Tucker* v. *Cooper,* 172 Cal. 663 [158 Pac. 181]; *Quinn* v. *Electric Laundry Co.,* 155 Cal. 500 [17 Ann. Cas. 1100, 101 Pac. 794]; *Silveira* v. *Iverson,* 125 Cal. 266 [57 Pac. 996], the same rule being applicable to a plea of contributory negligence (*Crabbe* v. *Mammoth Channel etc. Co.,* 168 Cal. 500 [143 Pac. 714]). Such intention not appearing, the change in the rule as to burden of proof reasonably requires no more than that it be alleged in general terms that due care was exercised to avoid the danger due to the condition described, or that it appear by reasonable inference from the facts alleged that such care was used, or that by the exercise of ordinary care the injury complained of could not have been avoided by the plaintiff.

[8] In the instant case, it fairly appearing from the allegations that by the acts described and alleged to have been negligent a dangerous condition was created; that neither the danger nor the injury complained of could have been avoided by the exercise of ordinary care by appellant, and that by no act or omission on his part was the damage caused or contributed to, the complaint was sufficient.

We have considered the complaint with reference to respondents' special demurrer, and are satisfied that the allegations are sufficient to meet the objections therein.

For the foregoing reasons it is our conclusion that the order sustaining the demurrer to the complaint was erroneous. The judgment is reversed, with the direction to the trial court to overrule the demurrer.

Tyler, P. J., and Knight, J., concurred.

A petition for a rehearing of this cause was denied by the district court of appeal on December 31, 1925, and a petition by respondents to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on January 28, 1926.