[Civ. No. 12552.   Second Appellate District, Division Two.—July 1, 1940.]

MILTON K. YOUNG et al., Appellants, v. COUNTY OF VENTURA (a Political Subdivision), Respondent.

Milton K. Young, *in pro. per.*, and Robert M. Clarke for Appellants.

M. Arthur Waite, District Attorney, and Julien G. Hathaway, Deputy District Attorney, for Respondent.

WOOD, J.—Plaintiffs commenced this action to recover damages alleged to have been suffered when their real property was injured by flood water. A demurrer was sustained without leave to amend and the appeal is prosecuted from the judgment thereafter entered. In sustaining the demurrer the superior court based its ruling upon the failure of plaintiffs to file with the clerk of defendant county a verified claim in writing within 90 days after the storm which caused the damages. On this appeal plaintiffs argue that the ruling of the lower court results in a denial of their right to compensation for property taken or damaged for public use as guaranteed by section 14 of article I of the Constitution of California; also that their property has been taken without due process of law; and that the period of 90 days within which they were required to file a claim did not commence to run until they could ascertain the amount of their damages.

In their complaint plaintiffs allege that they are the owners of certain orchard land in the county of Ventura near the town of Piru; that for many years prior to March 2, 1938, defendant county "assumed the management and control" of storm waters flowing down and from Nigger Canyon, during which time plaintiffs maintained an embankment along their property adjacent to Nigger Canyon to protect it from the waters of the canyon; that during the years preceding 1938 defendant deepened and widened the storm ditch in the canyon and constructed a steel and wire revetment, thereby diverting storm waters from their natural channel; that the natural channel was abandoned by defendant; that notwithstanding the repeated written request of plaintiffs to defendant to discontinue the use of the new channel defendant failed to do so; that on March 2, 1938, torrential rains fell in the area, and the ditch of which complaint is made carried the heavy run-off with force and violence from Nigger Canyon against plaintiffs' embankment, flooding plaintiffs'

land to their serious damage; that the new channel constructed by defendant was upon privately owned property.

■ The provision requiring the filing of a written claim for damages is found in Act 5149, Deering's General Laws of California, Statutes of 1931, page 2562, and is as follows: "Whenever it is claimed that any person has been injured or any property damaged as a result of the dangerous or defective condition of any public street, highway, building, park, grounds, works or property, a verified claim for damages shall be presented in writing and filed with the clerk or secretary of the legislative body of the municipality, county, city and county, or school district, as the case may be, within ninety days after such accident has occurred. Such claim shall specify the name and address of the claimant, the date and place of the accident and the extent of the injuries or damages received." It is alleged in the complaint that plaintiffs' claim was filed with the county auditor of defendant county on or about December 28, 1938, clearly a date much later than ninety days after the storm of March 2, 1938. Compliance with the ninety-day provision contained in act 5149 is mandatory and no action of the kind under review can be maintained unless it be established that the claim was filed as provided in the statute. (*Yonker* v. *City of San Gabriel,* 23 Cal. App. (2d) 556 [73 Pac. (2d) 623]; *Kahrs* v. *County of Los Angeles,* 28 Cal. App. (2d) 46 [82 Pac. (2d) 29].) ■ The right to sue the county in actions such as the present one is conferred by statute and the procedure set forth in the statute giving them the right to sue must be followed. Plaintiffs' cause of action rests upon the provisions of Act 5619, Deering's General Laws, Statutes of 1923, page 675, section 2, from which we quote: "Counties, municipalities and school districts shall be liable for injuries to persons and property resulting from the dangerous or defective condition of public streets, highways, buildings, grounds, works and property in all cases where the governing or managing board of such county, municipality, school district, or other board, officer or person having authority to remedy such condition, had knowledge or notice of the defective or dangerous condition, etc., and failed or neglected, for a reasonable time after acquiring such knowledge or receiving such notice, to remedy such condition . . . " Act 5149 establishes the pro-

cedure which must be followed before the court can entertain an action by plaintiffs to enforce their rights. The requirement that claims must be filed with clerks of legislative bodies before a party may maintain an action for damages against a political subdivision of the state government has been upheld in a number of decisions by California reviewing courts. (*Western Salt Co.* v. *City of San Diego*, 181 Cal. 696 [186 Pac. 345]; *Crescent Wharf etc. Co.* v. *City of Los Angeles*, 207 Cal. 430 [278 Pac. 1028]; *Myers* v. *Hopland U. E. School Dist.*, 6 Cal. App. (2d) 590 [44 Pac. (2d) 654]; *Thompson* v. *County of Los Angeles*, 140 Cal. App. 73, 75 [35 Pac. (2d) 185].) The statutory requirement may not be waived by the officials of the county. (*Chapman* v. *City of Fullerton*, 90 Cal. App. 463 [265 Pac. 1035].)

Plaintiffs' point that compliance with the ninety-day period for filing their claim is violative of their constitutional rights was passed upon adversely to their contention in *Yonker* v. *City of San Gabriel, supra,* where the facts presented a situation very similar to that now before us. In the Yonker case surfacing material impregnated with oil was placed by the defendant city on an abutment of a municipally-owned bridge. Storm waters washed the surfacing material over the plaintiff's land, causing damage. In reversing a judgment in favor of the plaintiff the appellate court reviewed the law and authorities on the subject, pointed out that at the time the material was dumped by the agents of the city of San Gabriel upon the abutments of the bridge no property of plaintiff was either taken or damaged, and ruled that the plaintiff's constitutional right was not violated. It was also there held that the word "accident" used in the statute should be construed as including the word "injury". We are in accord with the reasoning and ruling of the Yonker case. At the time the acts complained of were performed by defendant county no property of plaintiffs was taken or damaged.

Even if it be assumed that defendant's action resulted in the "taking or damaging of private property for public use" in violation of the constitutional provision, we would still be compelled to hold that the requirement of the filing of the claim within the period fixed by the legislature would be prerequisite to the maintenance of an action by plaintiffs.

The Constitution declares the right but does not provide the procedure by which the right may be enforced, and the legislature acted within its province in establishing the procedure necessary for the enforcement of the right. "When a state constitution such as ours provides neither the mode for the taking nor for the payment of private property the mode of procedure may be provided by either statutory or charter provisions." (*Crescent Wharf etc. Co.* v. *City of Los Angeles, supra.*) By failing to comply with the procedure established by the legislature plaintiffs are deemed to have waived their right to enforce payment. (*Musto-Keenan* v. *City of Los Angeles,* 139 Cal. 506, 511 [34 Pac. (2d) 506]; *Sala* v. *City of Pasadena,* 162 Cal. 714 [124 Pac. 539]; *Yonker* v. *City of San Gabriel, supra.*)

▮ The contention of plaintiffs that the law should be so interpreted that the ninety-day period commences to run after they had ascertained the extent of the damages cannot be sustained. The statute, which is free from ambiguity, makes no exception whatever to the requirement that the claim must be filed within 90 days. It has been held that a minor is bound by its provisions. (*Phillips* v. *County of Los Angeles,* 140 Cal. App. 78 [35 Pac. (2d) 187].) In *Johnson* v. *City of Glendale,* 12 Cal. App. (2d) 389 [55 Pac. (2d) 580], it was held that the physical disability of an injured person did not furnish an excuse for failure to comply with the statutory requirement for filing a claim. The purpose of the law requiring an early filing of a claim is to give the county notice that it will be called upon to make payment and to enable it to investigate the circumstances at such time as the facts can be ascertained and thereby negotiate a settlement or prepare its defense. This is a reasonable provision on behalf of the county and it causes no hardship upon the claimants. Plaintiffs were not called upon to file more than a general statement of their claim, which could doubtedless be prepared within a period of 90 days. If their claim could not be settled by negotiation with the authorities of defendant county, accurate and complete proof of the extent of the damages could be prepared for an action in court. In this regard they are in no different position from that of most of the claimants for damages for personal injuries, who as a general rule cannot determine the exact amounts of their

damages within ninety days from the dates of the accidents.

Plaintiffs cannot successfully argue that by the statutory requirement of filing a claim they were deprived of due process of law. The legislature has furnished due process to them but they did not avail themselves of it.

The storm ditch constructed and maintained by defendant county unquestionably comes within the classification of "public works" as this term is used in the statutes giving plaintiffs a right of action and prescribing the procedure for their action. It was designed to subserve a purpose of public use and convenience in carrying off storm waters in the area in which it was constructed. It was not necessary that it be constructed upon public property, but it could be constructed and maintained by the county upon private property. (*Kahrs* v. *County of Los Angeles, supra.*) The ditch having been constructed by the county did not become other than a public work by reason of its construction over property upon which the county may have had only an easement. The statutes in question do not provide that the public works be constructed upon property owned by the political subdivisions referred to therein.

Plaintiffs present the argument that act 5149 should be declared void and against public policy because of its insurance provisions. In subdivision 3 of the act it is provided that "counties, cities and counties or school districts may insure against any liability other than (certain exceptions) . . . for injuries or damages arising from dangerous or defective condition of public streets, highways etc. . . . either by self insurance or in any insurance company authorized to transact the business of such insurance in the State of California; and the premium for such insurance shall be a proper charge against the public treasury of such municipality, county, city and county, or school district as the case may be". In an ingenious and somewhat enlightening argument counsel for plaintiffs assert that it is the common practice in the courts for an insurance company attorney to take charge of the defense of a negligence action. From this they argue "that the result of such insurance provision is to take out of the hands of the Board of Supervisors of a county the right and power of decision as to the payment of claims arising under the Act in question, an unconstitutional

delegation of powers which should make the insurance provisions of the Act null and void''. They further argue that the claimant, instead of dealing with the board of supervisors is in fact dealing with the insurance company, which ''most likely is giving directions to the Board and to the District Attorney of the county as to what shall be done, all of which the innocent claimant is wholly unaware''. We are not called upon to pass upon the propriety of such conduct on the part of boards of supervisors and district attorneys if in fact such practice generally prevails. Suffice it to say that we find nothing in the law by which any power of the constituted authorities is delegated to an insurance company. Regardless of the insurance provisions of the statute, the board of supervisors is authorized to reject claims in accordance with its judgment and to defend actions in court on behalf of the county.

The judgment is affirmed.

Moore, P. J., and McComb, J., concurred.

A petition by appellant to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on August 29, 1940.