[Sac. No. 6098. In Bank. Apr. 28, 1950.]

A. VERIDDO et al., Appellants, v. HAROLD R. RENAUD, Respondent.

DeMeo & DeMeo, Charles N. Dougles, M. K. Taylor and° J. N. DeMeo for Appellants.

Geary & Tauzer and Winfield Achor for Respondent.

SCHAUER, J.—Plaintiffs seek damages because of a collision on November 8, 1945, between an automobile driven by plaintiff Veriddo and one operated by defendant. The accident assertedly was caused by defendant's negligence. The complaint as amended alleges that at the time of the collision defendant was an employe of the State of California and that the automobile he was driving was owned by and being driven with the consent of the state, within the scope and course of defendant's employment. Defendant demurred on the ground

that the complaint, as amended, did not state a cause of action in that it failed to allege compliance with the claim provisions of section 1981[1] of the Government Code. The demurrer was sustained without leave to amend, and plaintiffs appeal from the judgment in defendant's favor which was thereafter entered. We conclude that the trial court correctly held the claim statute to be applicable, and the judgment must be affirmed.

Division 4 of title 1 of the Government Code deals with "Public Officers and Employees" and chapter 6 of division 4 treats of the "Liability of Officers and Employees." Study of the sections (1950-2002) which make up chapter 6, and of the prior statutes upon which such sections are based, clearly indicates the intention of the Legislature to (1) define certain conditions of, and to prescribe procedural requirements for enforcing, the liability of public officers and employes for acts performed or damages arising in connection with performance of the duties of their office or employment (see §§ 1953, 1953.5, 1954, 1955, 1981); (2) permit the public agencies involved (the state, school districts, counties and municipalities) to provide liability insurance to officers and employes at agency expense (§ 1956); (3) specifically, to require the filing of a claim with the public officer or employe and with the public agency (in the case of a state employe the filing is to be with the employe and with the Governor) in the cases specified in section 1981, quoted hereinabove; and (4) provide for the defense at public expense of certain damage actions brought against specified public officers and employes (§§ 2000, 2001, 2002), including this action against the state employe who is defendant here (sub. (b)(1) of § 2001).

■ Plaintiffs do not allege filing of a claim with either the defendant state employe or with the Governor and they frankly state in their petition for a hearing by this court that no claim was filed. They contend that the claim provisions of section 1981 "provide certain safeguards *for the protection of the*

[1] That section reads as follows: "Whenever it is claimed that any person has been injured or any property damaged as a result of the negligence or carelessness of any public officer or employee occurring during the course of his service or employment or as a result of the dangerous or defective condition of any public property, alleged to be due to the negligence or carelessness of any officer or employee, within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk or secretary of the legislative body of the school district, county, or municipality, as the case may be. In the case of a State officer the claim shall be filed with the officer and the Governor."

*government agency,''* and urge that a claim is not necessary where it is sought to hold the employe on his personal liability. However, as specifically held in *Ansell* v. *City of San Diego* (1950), *ante*, p. 76 [216 P.2d 455] (L. A. No. 21280), and cases there cited, the claim provisions of section 1981 do not apply to claims against the public agency, but only to those against public employes and officers themselves.

In *Huffaker* v. *Decker* (1946), 77 Cal.App.2d 383 [175 P.2d 254], defendant was sued for damages allegedly caused by his negligent driving of an automobile owned by the city of Redding, and driven within the scope of defendant's employment by the city. It was squarely held that failure of plaintiff to allege compliance with the claim provisions of section 1981 was fatal to his cause of action against the allegedly negligent driver, and judgment entered upon the sustaining of a demurrer without leave to amend was affirmed. Plaintiffs urge that neither the reasoning of the Huffaker case nor the authorities upon which it relies are sound. We are satisfied, however, that the Huffaker decision is sound law and is consistent with the settled case law as well as with the language of the statute involved.

As already pointed out, section 1981 falls within a chapter of the Government Code dealing with the liability of officers and employes, and if compliance with its provisions is not a prerequisite to suit against such persons on account of the claims specified in that section, then the section appears to be wholly meaningless, since it is not applicable to claims against a public agency. Such a viewpoint does not overlook the common law liability of an employe as an individual for his own negligence (see *Mock* v. *City of Santa Rosa* (1899), 126 Cal. 330, 344 [58 P. 826]; *Payne* v. *Baehr* (1908), 153 Cal. 441, 444 [95 P. 895]; *Moore* v. *Burton* (1925), 75 Cal.App. 395, 401 [242 P. 902]), but simply recognizes that the Legislature has extended to public officers and employes, who incur liability in the performance of government service, the protection of a claims statute and the privilege of having defended at public expense those damage suits which are enumerated in chapter 6. The Huffaker case treats of this point and also disposes of plaintiffs' argument based on section 21 of article I and subsection 32 of section 25 of article IV of the California Constitution that the claims statute constitutes an unconstitutional classification (see pp. 387-389 of 77 Cal.App.2d). As stated at page 389, ''It should be noted that the statute does

not deprive the injured person of his cause of action against the employee. That remains as it was before the statute was enacted. He is not denied due process. (*Young* v. *County of Ventura*, 39 Cal.App.2d 732 [104 P.2d 102].) The statute merely places upon him a reasonable procedural requirement to the maintenance of his action . . . [P]laintiff claimed that section 1981 is unconstitutional as special legislation insofar as it requires the filing of such claims for damages as a prerequisite to suit against an officer or employee . . . The principles under which the state may provide procedure applicable alone to public employees and officers for the collection of judgments against them are equally applicable here. (*Ruperich* v. *Baehr*, 142 Cal. 190 [75 P. 782]; *Lawson* v. *Lawson*, 158 Cal. 446 [111 P. 354].)''

Plaintiffs further urge that *Von Arx* v. *City of Burlingame* (1936), 16 Cal.App.2d 29 [60 P.2d 305], and *Johnson* v. *County of Fresno* (1944), 64 Cal.App.2d 576 [149 P.2d 38], cited in the Huffaker case, do not support the holding of that case. Those cases are not cited as direct support, however, but are accurately analyzed and discussed therein. (See p. 387 of 77 Cal.App.2d.)

Further support for the Huffaker case holding and for our conclusion here is found in *Artukovich* v. *Astendorf* (1942), 21 Cal.2d 329, 332-333 [131 P.2d 831], in which it was held that although the liability of a county (the county of Los Angeles, respondent on appeal) for the negligent driving of a truck by one of its employes is established by section 400 of the Vehicle Code, nevertheless the claim provisions of former section 4075[2] of the Political Code to the effect that ''All claims against any county . . . shall be presented to the board of supervisors as herein provided before any suit may be brought on any such claim, and no suit shall be brought on any such claim until said claim has been presented as herein provided,'' applied. Judgment of dismissal following the sustaining of demurrers to the complaint as amended, on the ground that no claim had been presented, was affirmed.

*Powers Farms* v. *Consolidated Irr. Dist.* (1941), 19 Cal.2d 123, 129, 131 [119 P.2d 717], also is consistent with defendant's position that he is entitled to the protection of the claim statutes. In the Powers case this court, in considering the claim provisions of the Irrigation District Liability Law (Stats. 1935, p. 2250; Deering's Gen. Laws, 1937, Act 3886 *l*, § 2[3]),

---

[2]Now found in the Government Code, see §§ 29700-29721.

[3]Now found in sections 22725-22732 of the Water Code.

held (p. 129) that "the procedural requirement for the filing of a verified claim . . . is incident to and within the general subject of the liability of the district, its officers and employees, in that it provides a method of procedure by which such liability may be established." That case further holds (p. 131) that the liability law under discussion was not unconstitutional as special or class legislation. (See, also, *Yonker* v. *City of San Gabriel* (1937), 23 Cal.App.2d 556 [73 P.2d 623].)

We find no valid constitutional basis for holding the statute to be either void or inapplicable to this case.

The judgment is affirmed.

Gibson, C. J., Shenk, J., Edmonds, J., Traynor, J., and Spence, J., concurred.

CARTER, J.—I concur in the judgment of affirmance, but in doing so, I do not wish to be understood as giving my approval to the decisions of this court in *Artukovich* v. *Astendorf*, 21 Cal.2d 329 [131 P.2d 831], and *Powers Farms* v. *Consolidated Irr. Dist.*, 19 Cal.2d 123 [119 P.2d 717], cited in the majority opinion. I filed a dissenting opinion in both of the last mentioned cases, which, in my opinion, correctly stated the law applicable thereto. I do not consider either of these cases authority for the position taken by the majority in the case at bar, and my concurrence in the result reached in the majority opinion in this case is based solely upon my interpretation of the statute here involved (Gov. Code, § 1981) which compels the conclusion here reached.