[L. A. No. 21682.   In Bank.   May 15, 1951.]

CECILE C. STEWART et al., Appellants, v. W. O. McCOLLISTER, Respondent.

William N. Parker for Appellants.

Early, Maslach, Foran & Tyler, Robert E. Early and John B. Connolly for Respondent.

SPENCE, J.—Plaintiffs appeal from a judgment entered in favor of defendant McCollister in an action brought to recover damages for personal injuries allegedly caused by defendant's negligent operation of his automobile.

The cause was not tried upon all issues but the judgment was entered after a trial by the court of a single issue raised by way of special defense in defendant McCollister's amended answer. Said defendant alleged therein that at the time of the accident, he was employed by the city of Los Angeles; that he was acting within the course of his employment with said city; and that plaintiffs had not presented or filed any verified claim within 90 days after the accident occurred. Said defense was based upon the provisions of section 1981 of the Government Code.[1] The trial court found in accordance with the facts alleged in said special defense and concluded that plaintiffs were therefore not entitled to a trial on the merits. Judgment in favor of defendant was entered accordingly.

In ruling upon said special defense, the trial judge indicated that he felt bound by the decision in *Huffaker* v. *Decker*, 77 Cal.App.2d 383 [175 P.2d 254]. As will hereinafter appear, we are of the view that the Huffaker case is not con-

---

[1]Section 1981: "Whenever it is claimed that any person has been injured or any property damaged as a result of the negligence or carelessness of any public officer or employee occurring during the course of his service or employment or as a result of the dangerous or defective condition of any public property, alleged to be due to the negligence or carelessness of any officer or employee, within 90 days after the accident has occurred a verified claim for damages shall be presented in writing and filed with the officer or employee and the clerk or secretary of the legislative body of the school district, county, or municipality, as the case may be. In the case of a State officer the claim shall be filed with the officer and the Governor."

trolling, and that both the wording of the statute and its historical background clearly indicate that the trial court erred in entering judgment in favor of defendant McCollister under the circumstances presented by the record. A brief statement of the pertinent facts will suffice to show that the construction of said section 1981 for which defendant contends, and which was adopted by the trial court, is untenable in theory and unjust in its operation.

The accident occurred in the city of Los Angeles on December 27, 1946. At that time defendant was driving his own 1936 Ford sedan, which bore a Nevada license number, and concerning which automobile defendant later testified "there was some mixup in the motor number but I was legally the owner." Plaintiffs filed their complaint on March 5, 1947. It was the ordinary type of action against the individual defendant McCollister seeking to recover damages based upon the latter's common law liability for negligence. The city of Los Angeles was not made a party to the action and plaintiffs made no claim in their complaint, or otherwise, that defendant McCollister was in the employ of any other person or entity. On March 29, 1947, defendant McCollister filed an answer in the ordinary form, which answer contained no hint of any alleged public employment of defendant or of any alleged defense relating to the failure to file a verified claim. On April 5, 1948, being more than a year after the filing of the complaint and more than 15 months after the happening of the accident, defendant filed an amended answer, which first disclosed his alleged special defense as above set forth. If plaintiffs were given any intimation prior to the filing of the amended answer, on April 5, 1948, that anyone claimed that defendant McCollister's 1936 Ford automobile, which was registered under a Nevada license number, was being used on the official business of the city of Los Angeles when the accident occurred on December 27, 1946, the record fails to disclose that fact. Nevertheless, said defendant seeks a construction of said section 1981 which would completely absolve him from his common law liability for negligence merely because defendant finally claimed and proved, by way of special defense, that at the time of the accident he was in the course of his employment with the city of Los Angeles in "the heating and refrigeration division" of "the Building and Safety Department," using his own car, for which he was "allotted seven cents a mile."

Turning to the legislative history of said section 1981, it appears that its forerunner was an act passed in 1931. (Stats. 1931, p. 2476 as amended; Deering's Gen. Laws, Act 5150.) The 1931 act was passed as a companion measure to an act relating to the liability in damages of certain public agencies and requiring the filing of verified claims relating to such liability. (Stats. 1931, p. 2475 as amended; Deering's Gen. Laws, Act 5149.) Both acts were similarly phrased commencing with the words ''Whenever it is claimed that any person has been injured . . .'' Similar introductory words are found in the present section 1981. It seems clear that these and other provisions of the law specifically requiring the filing of verified claims for damages, whether such provisions are found in our statutes or in charter provisions of cities or counties, were adopted in connection with various amendments which largely abolished the rule of immunity of public agencies from tort liability and created new statutory rights of action against such public agencies. ■ It further seems clear that the primary purpose of the various provisions requiring the prompt filing of a verified claim was to put the public agency on notice, and to give it an early opportunity to investigate the merits of the claim, of which it otherwise might have no knowledge until after the chance for effective investigation had been lost by the lapse of time. It may be conceded that the Legislature, either intentionally or by oversight, failed to include a provision in our general statutes requiring the filing of a verified claim as a prerequisite to the bringing of an action for damages against every public agency under all circumstances (*Ansell* v. *City of San Diego*, 35 Cal. 2d 76 [216 P.2d 455]), and it may be further conceded that the provisions of section 1981 of the Government Code, and its forerunner, had the effect of qualifying the common law right of action for negligence against a public employee under certain circumstances. (*Veriddo* v. *Renaud*, 35 Cal.2d 263 [217 P.2d 647].) But the question remains as to the extent to which such common law right of action was thereby qualified.

■ Both the legislative history and the plain wording of said section 1981 make it manifest that it was the intention of the Legislature to qualify the common law right of action against the negligent person by requiring the filing of a verified claim only in the event that the *injured person* claims that he has been injured as the result of the negligence of a public employee occurring during the course of his public

employment. The pertinent wording of the section is "Whenever it is claimed that any person has been injured or any property damaged as a result of the negligence or carelessness of any public officer or employee occurring during the course of his service or employment . . ." Both the condition expressed in this introductory clause and the conditional requirement expressed in the main clause for the filing of a verified claim clearly relate solely to the claims of the injured person. Who, perchance, other than the injured person, ordinarily makes a claim of negligence against another, with or without a further claim relating to the course of employment? Certainly it is not the alleged negligent person himself. Yet defendant argues for a strained construction of the section and asks this court to declare that the section was intended to cover the situation where the public employee himself claims that his alleged negligence occurred in the course of his public employment without any such claim having been made by the injured person. In other words, defendant contends that it was intended by said section to place in the hands of the negligent employee the power to conceal the fact of his employment for the short period allowed for the filing of a verified claim, and then to render himself immune from his common law liability by alleging and proving that his alleged negligence occurred in the course of his public employment, and that no verified claim had been filed. We cannot ascribe to the Legislature any such intention. If that construction should be held proper, then said section 1981 would provide a nefarious device in the hands of the defendant.

The several claims statutes and charter provisions prescribing varying requirements concerning the length of time for the filing of verified claims, the contents thereof, and the manner of filing or presentation may well be said to have become traps for the unwary. No additional trap should be added by an unwarranted construction of said section 1981. Perhaps the unfortunate person who lies in an unconscious state as a result of his injuries or who is under other disability for a long period of time, must be held to be deprived of his statutory cause of action against certain public agencies if his verified claim is not filed within the time prescribed. (See *Artukovich* v. *Astendorf*, 21 Cal.2d 329 [131 P.2d 831], and cases cited.) But it does not follow that the courts should torture the language of said section 1981 so as to deprive the injured person of his common law right of action against the

negligent person when no claim is made by the injured person at any time that the alleged negligence occurred in the course of public employment.

It has been suggested that when the public employee alone is sued, the section would be meaningless if it is confined to the situation where plaintiff alleges the public employment in his complaint, as such allegation would be surplusage in such action. It will be noted that this is not the construction which we have placed upon the section. The fact which bears repetition is that plaintiffs here have never claimed, in their pleadings or otherwise, that defendant's negligence occurred in the course of any public employment. We hold that under these circumstances the provisions of the section do not come into play, and that they cannot be relied upon by a defendant by the mere claim on his part that his alleged negligence occurred in the course of his public employment in the absence of any such claim having been made on the part of the injured person.

It should be further noted that if defendant's construction were adopted, then it would necessarily follow that the mere assertion of the claim by any negligent person in any action that his negligent conduct occurred in the course of public employment would defeat the action of the injured person, regardless of the truth or falsity of such claim. The wording of the section clearly makes it operative upon the interposition of the claim without regard to proof thereof; and this fact alone compels the conclusion that it was intended to cover only the situation where such claim is made by the injured person.

In the prior cases in which said section 1981 has been successfully invoked, it was the injured person, and not the public employee, who pleaded that the injuries had been incurred as a result of the negligence of the public employee while acting in the course of his public employment. (*Veriddo* v. *Renaud, supra,* 35 Cal.2d 263; *Huffaker* v. *Decker, supra,* 77 Cal.App.2d 383.) The situation in each of said cases is therefore clearly distinguishable, as the injured person who made such allegations had failed to allege and prove compliance with the requirements of said section concerning the prior filing of a verified claim. The case before us is therefore one of first impression and is not controlled by the cited authorities.

The judgment in favor of defendant McCollister is reversed, with directions to the trial court to try the cause upon the merits.

Gibson, C. J., Shenk, J., Carter, J., and Traynor, J., concurred.

SCHAUER, J.—I dissent. It is my view that the trial court correctly ruled that by reason of plaintiffs' noncompliance with the claims statute involved (Gov. Code, § 1981), judgment should be rendered for defendant.

That the majority opinion for all practical purposes repeals section 1981 can scarcely be disputed. The majority state as a reason for this holding, *inter alia,* that "the construction of said section . . . which was adopted by the trial court, is . . . unjust in its operation." That is an argument in which I might join if it were addressed to the Legislature but in giving effect to it here I think that the court invades the legislative field. The majority also assert that the trial court's construction is "untenable in theory"; but this assertion has no better support than the previously quoted charge of unjustness in operation.

The majority hold that the operation of section 1981 is dependent not at all on the *fact* of public employment and a negligent act in the course thereof, but solely on the pleading (or possibly some other specific assertion) of a *claim* to that effect by an injured person. This holding leaves to the *injured person* in every case the power to control whether section 1981 shall be operative or wholly nonoperative. And the *fact* as to whether the offending public employe was in truth in the employ of the public and was acting in the course of his duty is wholly immaterial. It makes no difference whether the claim is true or false, say the majority; the controlling fact is the specific pleading (or possibly some other formal and specific assertion) of the claim. If the claim is specifically asserted, true or false, the statute applies; if the *claim* is not specifically asserted by the injured person the *fact* of public employment is immaterial. Thus, say the majority, "The wording of the section clearly makes it operative without regard to proof thereof; and this fact alone compels the conclusion that it was intended to cover only the situation where such claim is made by the injured person."

Quite recently this court upheld section 1981 against the contention that it was unconstitutional as class legislation. We said (in *Veriddo* v. *Renaud* (1950), 35 Cal.2d 263, 265 [217 P.2d 647]), "As already pointed out, section 1981 falls within a chapter of the Government Code dealing with the

liability of officers and employes, and if compliance with its provisions is not a prerequisite to suit against such persons on account of the claims specified in that section, then the section appears to be wholly meaningless, since it is not applicable to claims against a public agency. Such a viewpoint does not overlook the common law liability of an employe as an individual for his own negligence (see *Mock* v. *City of Santa Rosa* (1899), 126 Cal. 330, 344 [58 P. 826] ; *Payne* v. *Baehr* (1908), 153 Cal. 441, 444 [95 P. 895] ; *Moore* v. *Burton* (1925), 75 Cal.App. 395, 401 [242 P. 902]), but simply recognizes that the Legislature has extended to public officers and employes, who incur liability in the performance of government service, the protection of a claims statute and the privilege of having defended at public expense those damage suits which are enumerated in chapter 6. The Huffaker case treats of this point and also disposes of plaintiffs' argument based on section 21 of article I and subsection 32 of section 25 of article IV of the California Constitution that the claims statute constitutes an unconstitutional classification (see pp. 387-389 of 77 Cal.App.2d). As stated at page 389, 'It should be noted that the statute does not deprive the injured person of his cause of action against the employee. That remains as it was before the statute was enacted. He is not denied due process. (*Young* v. *County of Ventura,* 39 Cal.App.2d 732 [104 P.2d 102].) The statute merely places upon him a reasonable procedural requirement to the maintenance of his action . . . [P]laintiff claimed that section 1981 is unconstitutional as special legislation insofar as it requires the filing of such claims for damages as a prerequisite to suit against an officer or employee . . . The principles under which the state may provide procedure applicable alone to public employees and officers for the collection of judgments against them are equally applicable here. (*Ruperich* v. *Baehr,* 142 Cal. 190 [75 P. 782] ; *Lawson* v. *Lawson,* 158 Cal. 446 [111 P. 354].)' ''

The majority holding, departing from the principles above enumerated, is reached by construing the section as if it read, ''Whenever it is claimed that any person has been injured or any property damaged as a result of the negligence or carelessness of any [one who is also specifically pleaded or claimed by the injured person to be a] public officer or employee occurring [and which is further specifically pleaded or claimed by such injured person to have occurred] during

the course of his service or employment," then, and then only, but regardless of the truth or falsity of the claim, is presentation and filing of the claim within 90 days required.

The majority opinion further asserts that "The several claims statutes and charter provisions prescribing varying requirements covering the length of time for the filing of verified claims, the contents thereof, and the manner of filing or presentation may well be said to have become traps for the unwary." Again, it is obvious that however much this argument may appeal either to the emotions or to logic it is one which should be addressed to the Legislature, not advanced by this court as a reason for striking down what the Legislature has enacted, unless the majority intend to give full effect to the proposition and overrule the many cases which have heretofore upheld such statutes against that very contention. Certainly I agree that "No additional trap should be added by an unwarranted construction of said section 1981" but the very use of that argument suggests the corollary that the plain import and the sole object of the language which the Legislature has used should not be avoided by "an unwarranted construction." The declaration of the majority that "it does not follow that the court should torture the language of said section 1981 so as to deprive the injured person of his common law right of action against the negligent person" could more soundly be paraphrased to read that "it does not follow that the courts should torture the language of said section 1981 so as to [relieve] the injured person of his [statutory duty] of serving and filing his claim within the time fixed or so as to deprive the public employe of the safeguard thrown around him as a public servant."

The majority opinion also asserts that "It should be further noted that if defendant's construction were adopted, then it would necessarily follow that the mere assertion of the claim by any negligent person in any action that his negligent conduct occurred in the course of public employment would defeat the action of the injured person, regardless of the truth or falsity of such claim. The wording of the section clearly makes it operative upon the interposition of the claim without regard to proof thereof; and this fact alone compels the conclusion that it was intended to cover only the situation where such claim is made by the injured person." Except

that such assertion is signed by a majority of this court I would scarcely think that it could be seriously advanced. It seems to me that only on proof of the fact, not on naked assertion of the claim, would the defense be operative. And the truth is that here the fact was proven and is not even disputed.

As previously indicated, this court has only recently considered and reaffirmed the view that the claim provisions of section 1981 do not apply to claims against the public agency (*Ansell* v. *City of San Diego* (1950), 35 Cal.2d 76 [216 P.2d 455]; see also *Holm* v. *City of San Diego* (1950), 35 Cal.2d 399 [217 P.2d 972]), but are designed exclusively to afford a measure of procedural protection to public employes and officers who incur liability in the performance of government service (*Veriddo* v. *Renaud* (1950), *supra*, 35 Cal.2d 263, 265; see also *Porter* v. *Bakersfield & Kern Elec. Ry. Co.* (1950), 36 Cal.2d 582, 590 [225 P.2d 223]). Inasmuch as the statute in question is clearly and solely intended to give that protection, then to permit plaintiffs to avoid the statute and strip the public employe of such protection by the simple device of merely withholding from their pleadings any allegation of the pertinent fact—a fact which would be mere surplusage in pleading the cause of action—would seem to produce a result incongruous with the legislative intent. There is nothing in the language of the statute to suggest that its applicability is to be limited to cases in which the plaintiff, obviously as surplusage, specifically alleges the employment of the tort-feasor by the governmental unit.

It is the fact of public employment, with its relatively low compensation, and the interest of the public therein, which has led the Legislature to extend the safeguards (or what have heretofore been the safeguards) of section 1981 to persons so employed. It is a sheer denial of realism, and a defeat of the legislative object, to hold that the safeguards are operative only when the plaintiff in a damage action chooses to make them so by pleading evidentiary details of proof which are surplusage in his complaint. It is equally a denial of realism to suggest that any personal injury action against a person based on negligence of that person committed by him while he was in public employment and while he was acting in the scope of that employment does not necessarily involve precisely the type of "claim," and the only type of claim, which section 1981 is designed to cover; the very filing of the action constitutes an assertion of the claim.

Detailed study—even word by word analysis—of the statute in question will further show the untenability of the majority holding. Such study makes it clear that the word "claimed" as used at the outset of section 1981 in the phrase "Whenever it is *claimed* that any person has been injured or any property damaged as a result of the negligence or carelessness of any public officer or employee occurring . . ." is not used in the same sense as the word "alleged" in the later phrase "or as a result of the dangerous or defective condition of any public property, *alleged* to be due to the negligence or carelessness" of a public officer or employe. As pointed out in the Veriddo case, holding the claims statute to be applicable to public employes does not overlook the common law liability of an employe as an individual for his own negligence. Of course a cause of action based upon such liability can be stated in a complaint, as was done by plaintiffs here, without mention of the public employment; but it was the design of the Legislature, and the only rational sense of the statute, that the *fact* of the public employment and failure to comply with the claims statute could be set up as defensive matter in defendant's answer, as was done here. On the other hand, before one may be held to liability for the dangerous or defective condition of public property, which plainly is not his own to control in the absence of his public employment, it must be made to "appear" (i. e., "alleged") among other things (see Gov. Code, § 1953, subd. (a) ; *Shannon* v. *Fleishhacker* (1931), 116 Cal.App. 258, 261-262 [2 P.2d 835] ; *Barsoom* v. *City of Reedley* (1940), 38 Cal.App.2d 413, 420 [101 P.2d 743]) that such dangerous or defective condition was due to his negligence or carelessness or that he had notice of such condition. It is thus apparent that the use of the word "alleged" in section 1981 simply recognizes the necessity of pleading both the public employment and the dangerous or defective condition of public property, whereas the use of the word "claimed" recognizes that a cause of action may be stated for negligence without including an allegation of public employment or any elaboration of the details of the cause of action beyond those common to causes against other defendants.

It should be noted, further, because of implications to the contrary in the majority opinion, that the record in this case contains no suggestion that defendant "concealed" his public employment from plaintiff until the statutory time allowed for filing of a claim had elapsed. Certainly defendant should not be required to advise plaintiff, prior to the expiration of the

limitation period, as to the proper and timely steps to take in preparing and prosecuting his lawsuit.

The view suggested by plaintiffs and in reality adopted by the majority opinion—that the statute shall apply only when the *plaintiff* specifically pleads the facts of public employment, and denying to a *defendant* the right to plead the same facts defensively—renders the statute substantially meaningless and, if the court follows this rule in subsequent cases, will entirely defeat it whenever astute counsel so elects. Separate actions can be filed against the employer and the employe. In the action against the employe no allegation or elaborated claim of the fact of public employment will be necessary (it would be mere surplusage) and the defendant cannot plead or prove the fact of public employment and failure to comply with section 1981 as a defense; and when such facts do appear on the trial they will constitute no defense to the employe because the plaintiff has not pleaded such details of the ''claim.'' And in the action against the employer the fact of having made, or the failure to have asserted, served or pleaded, any claim on the employe will be immaterial. (*Ansell* v. *City of San Diego* (1950), *supra,* 35 Cal.2d 76, 77, 79.) The two actions can be tried separately (or consolidated for trial) and the plaintiff can recover from both defendants without any suggestion of compliance with section 1981. A very cautious plaintiff might try his action against the employe and recover judgment therein before he even files the second action against the public agency employer; since, at least in the absence of special charter provisions, the one-year statute of limitations alone is applicable, this procedure would seem to be practicable. The plaintiff by the simple device of refraining from pleading surplusage, refraining from serving and filing a claim other than his complaint, and, possibly, by delaying filing his action until the 90-day period has expired,* completely avoids operation of section 1981. Such a result in my view does violence to all pertinent rules of statutory interpretation.

For the reasons stated the judgment should be affirmed.

EDMONDS, J.—I agree with Justice Schauer's analysis of the statute and his conclusion that the judgment should

---

*He possibly should delay commencing his action until the 90-day period has expired because, the majority reasoning suggests, the defendant might be permitted to urge noncompliance with the statute as a defense if he pleads it within the 90-day period.

be affirmed. Moreover, as I pointed out in *Porter* v. *Bakersfield & Kern Elec. Ry. Co.*, 36 Cal.2d 582, 589-590 [225 P.2d 223], to limit the operation of section 1981 deprives a public employee of the full protection of the statute to which this court has held him to be entitled. In the Porter case, the code section was construed to allow a claim to be filed after the commencement of the suit against the employee. It has now been construed so that no claim need be filed at any time if the plaintiff chooses not to plead all of the facts and all of the rights accorded a public employee by the Legislature are taken from him.

Respondent's petition for a rehearing was denied June 14, 1951. Edmonds, J., and Schauer, J., voted for a rehearing.