[Civ. No. 17536. First Dist., Div. Two. Oct. 28, 1957.]

MERRITT LAND COMPANY (a Corporation) et al., Respondents, v. CITY OF OAKLAND, Appellant.

718

John W. Collier, City Attorney, and Hilton J. Melby, Assistant City Attorney, for Appellant.

Price, MacDonald & Knox and Breed, Robinson & Stewart for Respondents.

DOOLING, J.—Respondents were given judgment for damages to their real property from interference with the free access thereto brought about by appellant's construction of a public improvement. The only question presented on appeal is whether the failure to file a timely claim pursuant to section 53052 of the Government Code is a bar to the action.

The action is admittedly one in inverse condemnation and the damages accrued directly from the construction of the improvement according to its plan and design. Once the improvement was in place the damage was complete.

Government Code, section 53052, in terms requires the filing of a claim: "When it is claimed that a person has been injured or property damaged as a result of the dangerous or defective condition of public property. . . ."

It is respondents' position with which the trial court agreed that the language of the section, "dangerous or defective condition of public property," is not broad enough to cover this case since the improvement was neither dangerous nor defective. The damage in this case was direct and not consequential, and was caused by the position of the structure as built, not by any dangerous or defective feature thereof.

The construction of this claims statute put on it by respondents and the trial court finds complete support in *Natural Soda Products Co.* v. *City of Los Angeles*, 23 Cal.2d 193 [143 P.2d 12]. There the city deliberately permitted water to flow onto plaintiff's lands. The court at page 204 said of the claims statute from which Government Code, section 53052, is derived, and which contained the identical language "dangerous or defective condition": "This statute is inapplicable, however, for the damage in the present case arose, not from the dangerous condition of any public property, but from defendant's acts."

The cases cannot be distinguished. The damage here flowed equally from appellant's acts in constructing the improvement where it did, and not from any dangerous or defective condition.

The cases relied upon by appellant are readily distinguishable. In each there was a dangerous or defective condition which permitted damage to occur consequentially by the interposition of some further act. For example: in *Powers Farms* v. *Consolidated Irr. Dist.*, 19 Cal.2d 123 [119 P.2d 717], water seeped from a defective canal; in *Young* v. *County of Ventura*, 39 Cal.App.2d 732 [104 P.2d 102], and *Ghiozzi* v. *City of South San Francisco*, 72 Cal.App.2d 472 [164 P.2d 902], a ditch was so dangerous or defective that it discharged water onto plaintiff's land; and in *Miramar Co.* v. *City of Santa Barbara*, 23 Cal.2d 170 [143 P.2d 1], it was claimed that a breakwater had been so constructed as to prevent subsequent accretions of sand on an adjoining beach. (This case was decided on its merits and the claims statute was only incidentally mentioned in a concurring opinion.) *Bancroft* v. *City of San Diego*, 120 Cal. 432 [52 P. 712], is not in point since the claims statute there was broader in terms and covered "all claims for damages." (Stats 1889, p. 658, § 10.)

We conclude that this case is governed by the Natural Soda case, cited *supra*, and that the claim did not fall within Government Code, section 53052.

Judgment affirmed.

Kaufman, P. J., and Draper, J., concurred.