MARCIA F. ALEXANDER, et al.
Plaintiffs-Appellants

v.

RICARDO J. BORDALLO, et al
Defendants-Appellees

Civil Appeal No. 78-038A
District Court of Guam, Appellate Division
January 8, 1979

- - - - -

- - - - -

DUENAS, District Judge; HILL, District Judge; BURNETT, Designated Judge.

OPINION

PER CURIAM:

On February 5, 1976, the appellants sued the government of Guam on a cause of action alleging that the Government's failure to renew their teaching contracts was in violation of a 1972 collective bargaining agreement between the Department of Education and the Guam Federation of Teachers. On April 14, 1976, the Superior Court dismissed appellants' complaint for failure to comply with the Government of Guam Claims Act. We affirm.

Appellants' claim for relief is based on a 1972 Three-Year Collective Bargaining Agreement which provides that all off-island teachers whose performance had been rated satisfactory would be offered similar reemployment by March 1 of the teacher's termination year, so long as the government of Guam policies provide for such hiring of teachers on round-trip contracts. There is no question that all of the appellants had performed satisfactorily as teachers; however, their contracts were not renewed in a timely manner.

The trial judge's dismissal of the complaint was based on a sovereign immunity defense. The Organic Act of Guam empowers the local legislature to waive sovereign immunity in tort and contract actions against the Government to the extent which it deems desirable. 48 USC 1421(a). The Government Code of Guam, §§6500.00 et seq, provides for such waiver and §6500.05 of the Claims Act requires that all claims against the Government must be filed within six months from the date the claim arose. There is no question that appellants' claims were not filed within this time period and that no information was supplied to the Attorney General as outlined in §6500.03 of the Act.

Appellants contend that the notice requirements under the Claims Act were substantially complied with because plaintiffs followed the grievance procedures contained in Article IV of the 1972 Collective Bargaining Agreement, thus giving the Government at least indirect notice of their desire to bring suit. However, no cases have been offered to support this novel theory of constructive notice, and, as the authority cited by the appellee makes clear, the jurisdictional requirements of government claims statutes must be strictly followed. See Veriddo v. Renard, 35 Cal.2d 263, 217 P.2d 647 (1950); Bleeck v. State, 52 N.Y.S.2d 894 (1945); 45 Cal.Jur.2d, State of California, §163. See also Busse v. U.S., 542 F.2d 421, 425

(7th Cir, 1976). Appellants' actions in following certain grievance procedures cannot be given such liberal construction as to suggest that the government of Guam received effective notice in this case.

Appellants also argue that the sovereign immunity doctrine does not prevent litigants from seeking equitable relief compelling government officials to perform their duties properly (in this case requiring the Department of Education to issue contracts which become effective retroactively with full pay). It is clear that sovereign immunity applies to specific performance actions against the Government; otherwise the government cannot operate effectively if its every act is subject to injunctive actions. See Larson v. Domestic and Foreign Corporation, 337 U.S. 682, 69 S.Ct. 457, 93 L.Ed. 1629 (1948). Wright and Miller, Volume 14, §3655.

- - - - -

### CONCURRENCE

BURNETT, Designated Judge:

Having read the Opinion in this appeal, I hereby concur with the result reached by the Superior Court's dismissal of plaintiff's action for failure to comply with the Government of Guam Claims Act be affirmed.

Dated this 12th day of December, 1978.