[Civ. No. 9212. First Appellate District, Division Two.—July 18, 1934.]

ELVINA TUTEN, Respondent, v. TOWN OF EMERY-VILLE (a Municipal Corporation), Appellant.

L. R. Weinmann, George LaCoste, City Attorney, Redman, Alexander & Bacon and Herbert Chamberlin for Appellant.

William H. Hollander and I. Richard Gladstein for Respondent.

NOURSE, P. J.—In a trial before a jury the plaintiff had a verdict for $9,600 damages for the death of her husband. The facts are not disputed in so far as they relate to the issues raised on this appeal. Plaintiff's husband was struck by a motorcycle operated by one Hoy, a member of the Emeryville police department. The complaint alleged and the answer admitted that Hoy was then acting within the course and scope of his employment. The undisputed evidence is that he was endeavoring to overtake a "speeder". When Tuten and a companion prepared to cross the street the companion saw the "speeder" and heard and saw the motorcycle following it. He crossed in front of the "speeder", but Tuten waited until it had passed and then attempted to cross. The motorcycle collided with him near the middle of the street; Hoy was killed and Tuten received such injuries that he died soon after.

From the pleadings and the evidence the conclusion necessarily follows that the injuries arose out of the operation of an "authorized emergency vehicle" as defined in section 8½ of the California Vehicle Act and that the city is not liable under the evidence presented within the rule of *Armas* v. *City of Oakland*, 135 Cal. App. 411 [27 Pac. (2d) 666], and 135 Cal. App. 423 [28 Pac. (2d) 422]. It should be said that this cause was tried before the Armas decision appeared and this accounts for the rulings of the trial court which assumed throughout the proceedings that a city was liable for any injury arising from any negligent operation of one of its motor vehicles irrespective of the emergency and without regard to the question whether the alleged negligence of the employee was actionable.

Consistently with this theory the trial court instructed the jury that the city was liable for any injury sustained "as the result of the negligent operation of any motor vehicle by any officer . . . while acting within the scope of his agency or employment". Following instructions that it was admitted in this case that Officer Hoy was acting within the course and scope of his employment when the collision occurred, the jury was further instructed that the officer was bound to follow specific rules of the road while in the performance of his duties. These instructions are not in harmony with the rule of *Balthasar* v. *Pacific Electric R. Co.,* 187 Cal. 302, 308 [202 Pac. 37, 19 A. L. R. 452], and *Armas* v. *City of Oakland,* 135 Cal. App. 423 [28 Pac. (2d) 422]. Inasmuch as the only negligence charged to Officer Hoy was his failure to comply strictly with rules of the road applicable to motorists generally, the prejudice of these instructions is apparent.

For these reasons the judgment is reversed.

Sturtevant, J., and Spence, J., concurred.

A petition by respondent to have the cause heard in the Supreme Court, after judgment in the District Court of Appeal, was denied by the Supreme Court on September 13, 1934.

Curtis, J., voted for a hearing.