[Civ. No. 10040. First Appellate District, Division Two.—May 29, 1936.]

ORION A. HOPPING et al., Respondents, v. THE CITY OF REDWOOD CITY et al., Appellants.

Ross & Ross for Appellants.

F. E. Hoffmann and Clifford D. Good for Respondents.

SPENCE, J.—Plaintiffs sued to recover damages arising out of personal injuries sustained by them in an automobile accident. The cause was tried by the court sitting with a

jury and from a judgment in favor of plaintiffs, defendants appeal.

The accident occurred at about 1:45 A. M. on the morning of January 27, 1935, at the intersection of Main and Cedar Streets in Redwood City. Plaintiff Orion A. Hopping was driving his car in a westerly direction along Cedar Street and across the intersection of Main Street. He was accompanied by plaintiff Thelma S. Hopping, his wife. Defendant H. G. Fleishman, a police officer, was driving a car belonging to the defendant city in a northerly direction on Main Street. The testimony showed that as plaintiff's car approached the intersection, it slowed down to approximately 12 miles per hour. Before entering the intersection, plaintiff Orion A. Hopping saw defendants' car over 100 feet away approaching from the south at between 35 and 40 miles per hour. He proceeded into the intersection looking to the north for other traffic and did not look again to the south until he heard the screech of the brakes of defendant's car. The cars collided causing injuries to both plaintiffs.

The first count of the complaint alleged a cause of action on behalf of plaintiff Orion A. Hopping based upon the personal injuries received by him and damage was alleged as to him in the sum of $50,000. The second count alleged a cause of action on behalf of both plaintiffs based upon the personal injuries received by plaintiff Thelma S. Hopping and damage was alleged as to both plaintiffs in the sum of $5,000. The jury returned a verdict in favor of ''the plaintiffs and against the defendants in the sum of $7,500''. Judgment was entered upon said verdict.

Appellants first contend that the verdict was void ''in that the amounts were not segregated between the two causes of action set up in the complaint''. Assuming that it was error to permit a single verdict without segregation as to the two causes of action, we are of the opinion that such error does not require a reversal in the present case. It appears from the record that the verdict was returned upon the form approved by counsel for all parties prior to the time that the cause was submitted to the jury and that when the verdict was returned, appellants stood by and made no objection thereto. They should not now be permitted to complain. (*Joerger* v. *Pacific Gas & Electric Co.,* 207 Cal. 8 [276 Pac.

1017].) Furthermore, there was no claim made in the trial court nor is any claim made on this appeal that the verdict was excessive in view of the injuries and damage sustained by both the husband and wife. We therefore believe the error was not prejudicial to appellants and that the judgment should not be set aside because of such error. (Const., art. VI, sec. 4½.)

Appellants further contend that respondents were guilty of negligence as a matter of law. We find no merit in this contention. Appellants cite no authority in point and from the evidence adduced at the trial, it appears that the question of whether the driver of respondents' car was chargeable with negligence was essentially a question for the determination of the jury. (*Leblanc* v. *Coverdale*, 213 Cal. 654 [3 Pac. (2d) 312] ; *Briggs* v. *Koyer*, 138 Cal. App. 487 [32 Pac. (2d) 649].) In this connection, it may be stated that while appellants' car was equipped with red lights and a siren, said lights were not lit and the siren was not sounded. It is therefore not claimed that appellants' car had the right of way by virtue of the provision of section 132 of the California Vehicle Act.

Two further contentions of appellants may be considered together. The first is that ''under the Statutes of 1929, Chapter 263, a member of a police department, maintained by a city, is not liable in an action for damages arising out of the operation in line of duty of a motor vehicle of such department while responding to an emergency police call''. The second is ''Section 1714½ of the Civil Code imposing a liability upon municipal corporations does not apply to an emergency vehicle belonging to a chartered city while responding to an emergency call''. In support of the last mentioned point, appellants cite and rely upon the recent decisions of this court in *Armas* v. *City of Oakland*, 135 Cal. App. 411 [27 Pac. (2d) 666, 28 Pac. (2d) 422], and *Tuten* v. *Town of Emeryville*, 139 Cal. App. 745 [35 Pac. (2d) 195]. The contentions of appellants are substantially correct as abstract statements of the law but the question still remains as to whether the law as stated in these contentions is determinative on this appeal.

The freedom from liability of a member of a police department under Statutes 1929, chapter 263, does not extend to

all cases where such member is operating a police car nor does it extend to all cases where such member is responding to a police call. The wording of the statute is "while responding to an alarm of fire or an *emergency* police call". (Italics ours.) The freedom from liability of a municipality under the rule of the above mentioned authorities is limited to cases involving the operation of authorized *emergency* vehicles as defined in section 8½ of the California Vehicle Act. An "authorized emergency vehicle" is there defined as "every vehicle publicly owned and operated by a police or fire department or traffic law enforcement officer *in responding to emergency calls* or in traffic patrol duty and a vehicle owned and operated by the chief or one assistant chief or an organized fire department in answering fire alarms and public owned ambulances used on emergency calls and emergency repair vehicles of public utility corporations, only when responding to emergency, accident or fire calls". (Italics ours.) It will be noted that the word "emergency" is significantly used in both statutes.

■ Appellants' last mentioned contentions are not determinative of this appeal for the reason that it cannot be said *as a matter of law* that appellant Fleishman was responding to an "emergency" call at the time that the accident happened. This issue was submitted to the jury under instructions which are not attacked by appellants and the jury impliedly found that said appellant Fleishman was not responding to an "emergency" call. The evidence showed that said appellant was on duty as a police officer driving around within the limits of the city in a "cruising car" equipped with a radio. He received a radio message to "come into the office". Nothing more was said. Said appellant was not informed of the existence of any emergency and there was no evidence whatever to show that any emergency existed. In response to a question as to whether there was any urgency about this call, said appellant testified upon the taking of his deposition, "It was just another call to me". He gave similar answers upon the trial but in one place in his testimony he stated, "All calls are urgent". Upon this state of the record, and in the absence of any other testimony on the subject, we are of the opinion that the implied finding of the jury to the effect that said appellant was not responding to an "emergency" call was sustained by the evidence

and that the judgment must be affirmed. The Armas case and the Tuten case, relied upon by appellants, are not in point as in each of said cases the uncontradicted evidence showed that the vehicle involved was an "authorized emergency vehicle" within the meaning of section 8½ of the California Vehicle Act.

The judgment is affirmed.

Nourse, P. J., and Sturtevant, J., concurred.