[Civ. No. 9830. First Appellate District, Division One.—August 7, 1936.]

HARRY VON ARX, Respondent, v. CITY OF BURLIN-
GAME (a Municipal Corporation), Appellant.

Cooley, Crowley & Supple and Norman S. Menifee for Appellant.

Duncan A. McLeod, J. E. McCurdy and F. E. Hoffmann for Respondent.

WARD, J., *pro tem.*—Plaintiff brought this action for damages for personal injuries against the defendants City of Burlingame, a municipal corporation, and two employees thereof, members of the police department. During the trial, the action was dismissed against one of the defendant police officers. Judgment was entered in favor of plaintiff, upon a verdict of a jury, against the remaining defendants, the police officer and the City of Burlingame. The motion for a new trial on behalf of defendants was granted to the defendant police officer and denied to the City of Burlingame. The last named defendant appeals from the judgment entered upon the verdict.

In connection with the maintenance of its police department defendant City of Burlingame owns and operates an

automobile which was involved in this accident. At approximately 11 o'clock P. M. on the night in question the automobile was driven in a northerly direction along California Drive, a through highway or boulevard, by one of the police officers in the course of his employment. California Drive is intersected by Oak Grove, which runs in a general easterly and westerly direction. About a half hour before reaching California Drive and Oak Grove, defendant police officers received information from police headquarters that an automobile had been stolen. The officers investigated the matter and received a description of the stolen car and the party who purloined it. At the time of the accident the officers were touring or cruising at a moderate rate of speed in quest of the stolen automobile.

Plaintiff stood for several minutes on the easterly curb of California Drive watching automobiles traveling north and south and awaiting an opportunity to cross to the west side of the drive. He stepped off the curb and walked fast, looking continuously and often enough to satisfy himself that no vehicle was approaching from either direction. Plaintiff testified that he did not hear the approaching automobile. The police officers first noticed the plaintiff standing in the gutter strip, about a foot wide, next to the curb when the automobile was about eighty to one hundred feet south. According to defendants, plaintiff ran out in front of the car. Plaintiff testified that he was walking. Defendants claim that the efforts by plaintiff to dodge the automobile, and attempts by them to swerve the car from the position occupied by plaintiff, resulted in the collision. Plaintiff says that he did not see the automobile at any time. Under these conflicting statements of fact the motion for a directed verdict was properly denied and the case submitted to the jury. There was evidence from which the jury could infer negligence by the defendants.

Since plaintiff had looked and had failed to see defendants' approaching automobile, it is defendants' theory that plaintiff is brought squarely within the rule that "to look is to see". (*Zibbell* v. *Southern Pacific Co.*, 160 Cal. 237, 242 [116 Pac. 513]; *Lord* v. *Stacy*, 68 Cal. App. 517, 521 [229 Pac. 874]; *Finkle* v. *Tait*, 55 Cal. App. 425, 433 [203 Pac. 1031].) In the Zibbell case a train was approaching upon a railroad track. This was an admitted fact. In

the instant case whether defendants' automobile approached from the direction claimed by the police driver, and whether the headlights were on just prior to the accident, were disputed factual issues. The jury was instructed "that the defendants are entitled to rely upon the presumption that the plaintiff would see and observe whatever might have been seen and observed under the circumstances by the exercise of ordinary care, and the same applies conversely". The only conclusion to be reached, in view of the verdict and its implied finding on this question, is that plaintiff looked but did not see the police car because it did not approach from the south as claimed by the officers. The daughter of the plaintiff testified that one of the officers said the automobile was being driven "down California Drive south". Conflict in evidence is to be determined by the trier of the facts. There is no proof that plaintiff was guilty of contributory negligence as a matter of law.

On this appeal there are three statutes primarily involved, namely, chapter 260 of the Statutes of 1929, page 565, adding section 1714½ to the Civil Code; chapter 253 of the Statutes of 1929, page 508, adding section 8½ to the California Vehicle Act; chapter 263 of the Statutes of 1929, page 568, an act providing for the protection of certain employees against personal liability incurred while acting within the course of their duty. The position adopted by appellant in the instant case, namely, that there can be no liability of the defendant municipal corporation under the three statutes, is identical with the contention of appellants in *Hopping* v. *City of Redwood City,* 14 Cal. App. (2d) 360 [58 Pac. (2d) 379], and there is such a similarity in the arguments advanced in support thereof that we rest upon that portion of the decision on pages 866, 867, wherein the court said:

"Two further contentions of appellants may be considered together. The first is that 'under the Statutes of 1929, Chapter 263, a member of a police department, maintained by a city, is not liable in an action for damages arising out of the operation in line of duty of a motor vehicle of such department while responding to an emergency police call'. The second is 'Section 1714½ of the Civil Code imposing a liability upon municipal corporations does not apply to an emergency vehicle belonging to a chartered city while re-

sponding to an emergency call'. In support of the last mentioned point, appellants cite and rely upon the recent decisions of this court in *Armas* v. *City of Oakland*, 135 Cal. App. 411 [27 Pac. (2d) 666, 28 Pac. (2d) 422], and *Tuten* v. *Town of Emeryville*, 139 Cal. App. 745 [35 Pac. (2d) 195]. The contentions of appellants are substantially correct as abstract statements of the law, but the question still remains as to whether the law as stated in these contentions is determinative on this appeal.

"The freedom from liability of a member of a police department under Statutes 1929, chapter 263, does not extend to all cases where such member is operating a police car nor does it extend to all cases where such member is responding to a police call. The wording of the statute is 'while responding to an alarm of fire or an *emergency* police call'. (Italics ours.) The freedom from liability of a municipality under the rule of the above mentioned authorities is limited to cases involving the operation of authorized *emergency* vehicles as defined in section 8½ of the California Vehicle Act. An 'authorized emergency vehicle' is there defined as 'every vehicle publicly owned and operated by a police or fire department or traffic law enforcement officer *in responding to emergency calls* or in traffic patrol duty and a vehicle owned and operated by the chief or one assistant chief of an organized fire department in answering fire alarms and public owned ambulances used on emergency calls and emergency repair vehicles of public utility corporations, only when responding to emergency, accident or fire calls'. (Italics ours.) It will be noted that the word 'emergency' is significantly used in both statutes."

As in the Hopping case, appellant's contentions are not determinative of this appeal. The operator of the police automobile was cruising and touring along California Drive doing ordinary police patrol duty as distinguished from "traffic patrol duty", which means, as the phrase indicates, a patrol duty in relation to traffic. The jury decided these questions upon evidence inferable from proven facts. The conclusions, as exemplified by the implied finding of the verdict, are reasonable and preclude a reversal on appeal. (*Lossman* v. *City of Stockton*, 6 Cal. App. (2d) 324–327 [44 Pac. (2d) 397].)

Section 1714¼ of the Civil Code provides for the liability of the owner of a private automobile. Section 1714½ of the same code provides for the liability of the owner of a public automobile. Appellant contends that the sections contain "unreasonable, unexcusable and grossly discriminating provisions", in that section 1714¼ limits the liability of the private owner in amount of recovery, while the recovery against the public owner under the provisions of section 1714½ is unlimited. Section 1714¼ limits liability only in the instance of imputed negligence. Every private owner is liable by reason of imputed negligence for death or injury resulting from negligence in the operation of a motor vehicle by a person using the same with the permission, express or implied, of the owner, but the section specifically differentiates when the relation of master and servant or principal and agent is involved. Under the last indicated conditions no limitation is placed upon the amount of recovery. In the present case the operator of the vehicle was a police officer and to that extent an employee of the defendant municipality. The provision of the law under consideration does not infringe upon the provision of section 21 of article I of the Constitution of California which declares that no citizen or class of citizens shall be granted privileges which, upon the same terms, shall not be granted to all citizens. (*Heron* v. *Riley*, 209 Cal. 507 [289 Pac. 160].) There is a natural and intrinsic distinction between one who operates a vehicle as an officer, agent or employee of the owner, and the operator who uses the vehicle merely with the implied permission of the owner. In each instance the operator is one of a single class. (*Abeel* v. *Clark*, 84 Cal. 226–230 [24 Pac. 383].) The legislative determination of the intricate problem of differentiating between the amount that may be recovered against one class of owners or operators as distinguished from a second class is doubtless based upon an investigation of "the evils of vexatious litigation" and "its wisdom is not the concern of courts" (*Silver* v. *Silver*, 280 U. S. 117 [50 Sup. Ct. 57, 74 L. Ed. 221, 65 A. L. R. 939]), unless it appears arbitrary, unreasonable or discriminatory. In its opening brief appellant assumes a case of a privately owned automobile and a publicly owned automobile colliding and injuring an innocent bystander, in which collision both automobile drivers were at

fault. This court is not required to imagine some possible contingency, and the fact that the law may work hardship in extreme cases cannot be considered in determining its validity. (*Rode* v. *Siebe,* 119 Cal. 518 [51 Pac. 869, 39 L. R. A. 342].)

Section 1714½ of the Civil Code provides in part as follows: "In every case where a recovery is had under the provisions of this section against the . . . municipal corporation . . . then the . . . municipal corporation . . . shall be subrogated to all the rights of the person injured, against the officer." Section 1 of chapter 1168 of the Statutes of 1931, page 2476 (Act 5150, Deering's General Laws, 1931) provides: "Whenever . . . any person has been injured . . . as a result of the . . . negligence or carelessness of any public officer, a verified claim for damages shall be presented in writing and filed with such officer and the clerk or secretary of the legislative body of the municipality . . . within ninety days after such accident has occurred. Such claim shall specify the name and address of the claimant, the date and place of the accident and the extent of the injuries or damages received." Appellant contends that there is neither any allegation in the complaint, nor any word in the record, showing or tending to show that the plaintiff ever served any written and verified claim upon the officer in this case, and that if there was no service then there is no subrogation of the municipality and consequently no liability of the municipality to the person injured. There is no direct provision in the statute requiring the filing of such claim as a condition precedent to commencement of such action (*Norton* v. *City of Pomona,* 5 Cal. (2d) 54 [53 Pac. (2d) 952]), but in *Douglass* v. *City of Los Angeles,* 5 Cal. (2d) 123 [53 Pac. (2d) 353], the Supreme Court held that "one of the requirements of the general statute since 1931 has been that as a prerequisite to suit to enforce such liability against a city, the claimant must have filed with the clerk of the legislative body of the city . . . a verified claim for damages." The purpose of the act is the protection of the sovereignty from delay in investigating the circumstances of the accident and to prevent the unnecessary expenditure of public funds in useless litigation. The provision of the statue is mandatory upon a claimant seeking damages against a governmental power. (*White-Satra* v. *City of Los Angeles,* 14 Cal. App.

(2d) 688 [58 Pac. (2d) 933].) There must be at least a substantial compliance with the requirements of the statute. (*Spencer* v. *City of Calipatria,* 9 Cal. App. (2d) 267, 268 [49 Pac. (2d) 320].) If the legislature should change the time limit rule the claim must still be filed if there is an opportunity to do so within the statutory period. (*Norton* v. *City of Pomona, supra,* at page 81.)

In this case a claim stating all the essential facts under the statute, verified two days prior to the statutory limitation and directed to the "City of Burlingame, a municipal corporation and to Raymond Nelson, a police officer thereof," is annexed to the complaint. When a written instrument is essential to the maintenance of an action and the instrument is annexed to the complaint the genuineness and execution of the instrument are admitted, unless denied by verified answer. (Code Civ. Proc., sec. 447.) A general demurrer to the complaint was overruled. If the complaint does not refer by allegation to the claim, or does not make the claim a part of the body of the complaint or annex it thereto, a general demurrer is sufficient. (*Western Salt Co.* v. *City of San Diego,* 181 Cal. 696 [186 Pac. 345].) If the claim is uncertain in its terms, or the allegations inadequate, then "the demurrer must distinctly specify the grounds upon which any of the objections to the complaint are taken". (Code Civ. Proc., sec. 431.) The defendant municipal corporation was informed that there was a claim, and if the complaint was insufficient in its allegations of presentation and filing, proper objections should have been made thereto.

On the redirect examination of plaintiff it appears that the verified claim was filed against the City of Burlingame, though the transcript of evidence is silent relative to the presentation of any claim to the defendant police officer. Under the instructions of the court the "damages are limited to the amount mentioned in the claim filed by the plaintiff with the City of Burlingame".

Under the provisions of section 1714½ the sovereignty becomes liable in tort to every person for any damage sustained by reason of the death or injury of such person as the result of the negligent operation of any motor vehicle by an officer, agent or employee when acting within the scope of his office, agency or employment. The sovereignty becomes a joint tort-feasor under the accepted doctrine of *respondeat*

*superior*. The government has the right of subrogation as against the officer, agent or employee, but there is nothing in the act requiring that the injured plaintiff should join as defendants the two tort-feasors. The same provision is found in section 1714¼, wherein the private owner, upon the theory of imputed negligence, becomes liable as a joint tort-feasor, but there is no requirement that the party injured should be forced to join as defendants the owner and the person who operated the car. The right of subrogation, under section 1714¼, does not arise or ensue until a *bona fide* claim has been paid arising out of a demand for damages, and under section 1714½ until a judgment has been obtained. An injured plaintiff might elect to name a solvent officer, agent or employee and eliminate an insolvent sovereign power as a defendant, or eliminate the officer, as in *Tuten* v. *Town of Emeryville, supra,* and sue the municipal corporation alone. The officer, agent or employee is not a necessary defendant.

The failure to present a claim to the officer does not exonerate the officer from negligence, but is simply a waiver of the injured party's right to recover against such officer and does not impair the right of the sovereignty to hold the officer responsible for the amount recovered against the government. The provision requiring notice to a governmental employee is for the protection of the employee against unfounded and annoying litigation, but the action of the injured party in neglecting to serve or present the officer with the claim does not preclude the government from the right of subrogation. Any other rule might lead to connivance between the plaintiff and the officer to mulct the government. Subrogation is a right that the municipality in this case has as against the employee without regard to the actions of the injured party, and is dependent upon the negligence of the employee and the establishment of such negligence in a court of competent jurisdiction.

The judgment is affirmed.

Tyler, P. J., and Cashin, J., concurred.