[Civ. No. 4040. Fourth Dist. May 4, 1950.]

WILLIAM R. WELLS, Respondent, v. BUS BROWN, Appellant.

Ray W. Hays and William M. Miles for Appellant.

Nicholas H. Dubsick and Marvin E. Helon for Respondent.

GRIFFIN, Acting P. J.—Action for damages for the death of a dog. Plaintiff owned a 15-months old pure-bred Weimaraner registered female dog. The complaint charges in the first count that defendant, while driving his automobile on Clovis Avenue in Fresno, in a careless and negligent manner, caused his car ''to hit and run over'' said dog, and as a direct and proximate result thereof defendant ''caused the death . . . of the dog.'' Damages in the sum of $3,000 were claimed.

In the second count it is alleged that at said time and place defendant ''without reasonable cause, shot and killed'' the dog, to plaintiff's damage in a like sum. Defendant denied the allegations of each count but alleged, as to the second count, that the dog had been so critically and seriously injured that the only humane thing to do was to destroy it. It is then alleged that plaintiff was guilty of contributory negligence in allowing the dog to run loose upon the highway. The jury returned a verdict for plaintiff on ''both the first . . . and second . . . causes of action'' and assessed damages at $1,500. Defendant appealed from the judgment and argues that under the verdict and pleadings he has been held responsible for two inconsistent wrongs and that at least one is entirely unsupported by the evidence. The inconsistency is claimed to be that in the first cause of action plaintiff alleged that defendant negligently drove his car over the dog and as a result thereof the dog died; that the evidence clearly shows that the dog did not die as a result of the driving of the car but died as a result of the gunshot later inflicted; that since each cause of action claimed the same amount of damages for the killing of the dog, the counts were inconsistent and a verdict could not be supported, based on both causes of action.

Defendant also contends that the court committed error in instructing the jury pertaining to the first count, i.e., ''If the defendant negligently operated his automobile and his negligence was a proximate cause of *the striking* of plaintiff's dog, you must find in favor of the plaintiff for the value of the dog.''

It will be noted that the italicized portion of the instruction is not consistent with the pleadings in the first count.

The facts surrounding the accident and killing, as related by defendant, are that he was an off-duty police officer from Selma; that he was driving south on Clovis Avenue (which was about 30 feet wide) in his car, about 4:30 p. m., accompanied by his wife and two boys. He was proceeding in his right-hand lane. Another car was ahead of him proceeding in the same direction. It was a clear day. Defendant said he noticed a little boy with the dog walking behind him, going south, a short distance off the highway near his right-hand lane when he was about 75 feet from the boy; that when his car was about 15 to 20 feet from him the dog started across the highway at about a 45-degree angle; that defendant slowed down and turned to his left to avoid the dog but caught it on the right-front wheel. He testified that he was watching the road all the time and traveling about 40 miles per hour; that he did not sound his horn but did slow down to 15 miles per hour when he struck the dog, applied his brakes and stopped the car within six or eight feet. The dog was injured, blood was coming from its mouth, and it was lying near the center of the highway and near the right-hand door of his car; that the dog appeared to him to be suffering from serious injuries so he went to a neighboring house, obtained a gun, shot the dog and buried it. The collar contained the name of a veterinarian, whom he called the next morning, obtained the name of the owner of the dog and went to his house and explained the matter.

A witness produced by plaintiff testified that he was driving on Clovis Avenue that afternoon, proceeding in a southerly direction about 30 miles per hour; that he saw the dog about 100 yards in front of him running down the right-hand paved portion of the highway; that he blew his horn, the dog ran to his left and defendant's car was just then passing his car, traveling about 45 miles per hour on the left side of the highway with both left front and rear wheels off of the oiled surface; that the dog ran out in front of defendant's car and was struck by its bumper and rolled under the center of defendant's car and ended up on the east or left-hand side of the oiled surface about 12 feet behind the car; that the dog was bleeding from the mouth and had been injured and that he told defendant where he thought he could find the owner; that he then drove away.

A veterinarian testified that he performed a post-mortem on the dog; that he found no broken bones; some organs were bruised and there was evidence of some bleeding at the mouth, but he found no injury that would directly kill the dog except the bullet wound in the head.

It appears from the complaint that the two counts are inconsistent. One alleges damages in the sum of $3,000 for defendant's negligence in operating his automobile as a result of which plaintiff's dog was killed. In the second count plaintiff seeks the same sum by reason of the fact that defendant shot and killed the dog without reasonable cause.

■ There is no prohibition against pleading inconsistent causes of action stated in as many ways as plaintiff believes his evidence will show, and he is entitled to recover if one well pleaded count is supported by the evidence. (*Froeming* v. *Stockton Electric R. R. Co.*, 171 Cal. 401 [153 P. 712, Ann. Cas. 1918B 408]; 21 Cal.Jur. pp. 64-65, § 39; 19 Cal.Jur. p. 676, § 99.) It has been held that, under such pleadings plaintiff may rely upon any one of the alleged acts of negligence as the proximate cause of his claimed damage, or upon all of said acts as operating together or concurrently in causing it. Likewise, where several acts are pleaded, a general verdict for the plaintiff will not be set aside for want of evidence to support it if there is sufficient evidence of negligence to support one of the counts. (*Camozzi* v. *Colusa Sandstone Co.*, 26 Cal.App. 74 [147 P. 107, 112]; *Worley* v. *Spreckels Bros. Commercial Co.*, 163 Cal. 60 [124 P. 697]; *Verdelli* v. *Gray's Harbor etc. Co.*, 115 Cal. 517 [47 P. 364, 778]; 19 Cal.Jur. 675, § 99.)

■ The ultimate recovery sought in the instant case was for the death of the dog. The jury fixed that sum at $1,500. Whether the jury found that the death was occasioned by the negligence of defendant in operating his automobile or because defendant shot and killed the dog without reasonable cause is problematical.

While the question of the sufficiency of the evidence to establish the negligence of plaintiff in killing the dog, under the first count, may be questioned, there is sufficient evidence to sustain the verdict as to the second count.

*Shields* v. *Oxnard Harbor Dist.*, 46 Cal.App.2d 477 [116 P.2d 121], furnishes the answer to this question. There plaintiff brought an action against defendant predicated upon the provisions of section 400 of the Vehicle Code in one count and on the provisions of section 402 of the same code in the

second count, all arising out of the same accident and injury. A general verdict for plaintiff was obtained. The court said that this form of verdict is permitted, citing section 625 of the Code of Civil Procedure, and then held, at page 491, that:

"A general verdict imports findings in favor of the prevailing party on all material issues and, if there is substantial evidence to sustain a verdict on one count which is unaffected by error, the fact that there is not sufficient evidence to sustain the necessary findings of fact upon another count to support a verdict, or that there have been errors in connection with such other count, will not justify a reversal of the general verdict. . . ." (See, also, *Hume* v. *Fresno Irrigation Dist.*, 21 Cal.App.2d 348 [69 P.2d 483]; *Estate of Hellier*, 169 Cal. 77 [145 P. 1008]; *Hopping* v. *City of Redwood City*, 14 Cal. App.2d 360 [58 P.2d 379]; *Leoni* v. *Delany*, 83 Cal.App.2d 303 [188 P.2d 765, 189 P.2d 517].)

The only remaining question is the sufficiency of the evidence to support the amount of damages awarded. A witness was sworn who testified that he had had considerable experience with dogs and that he did a great deal of hunting with them; that the Weimaraner, a German dog, was a new breed, and was supposed to be an all-around hunting dog; that he possessed one of these dogs and was acquainted with the dog that was involved in this accident; that he was familiar with the value of these dogs on the market today; that he would say that there were about 9,000 tentative orders or applications on hand for this breed of dogs in the United States; that if an outsider wants such a dog he must join the Weimaraner Club and abide by their rules and regulations as to breeding them before such a dog is sold; that considering the market value of this particular dog on the date it was killed, "That dog would be worth from three to five thousand dollars." Although there is evidence that this particular dog, when much younger, cost its owner the sum of $300, this figure is not conclusive of its market value at the time it was killed. It cannot be said that the evidence does not sustain the verdict in this respect. (*Roos* v. *Loeser*, 41 Cal.App. 782, 786 [183 P. 204].)

Judgment affirmed.

Mussell, J., and Shepard, J. pro tem., concurred.

Appellant's petition for a hearing by the Supreme Court was denied June 29, 1950. Schauer, J., voted for a hearing.