Filed 7/14/16  Barron v. Galvin CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FIFTH APPELLATE DISTRICT

| | |
|---|---|
| SHELLY BARRON et al.,<br><br>    Plaintiffs and Appellants,<br><br>        v.<br><br>GERALD GALVIN,<br><br>    Defendant and Respondent. | F071085<br><br>(Super. Ct. No. 14CECG01179)<br><br>**OPINION** |

APPEAL from a judgment of the Superior Court of Fresno County.  M. Bruce Smith, Judge.

Law Offices of Jeffrey D. Bohn, Jeffrey D. Bohn and Eric V. Grijalva for Plaintiffs and Appellants.

Wilkins, Drolshagen & Czeshinski, Michael J. Czeshinski and James H. Wilkins for Defendant and Respondent.

-ooOoo-

Plaintiffs Shelly and Vincent Barron appeal from a judgment entered against them following the sustaining of a demurrer to plaintiffs' first amended complaint without leave to amend. Plaintiffs were injured in an automobile accident in Fresno when their vehicle was allegedly rear-ended by a vehicle driven by defendant Gerald Galvin, who was an employee of the City of Mendota. In their original complaint, plaintiffs named as defendants both Galvin and the City of Mendota (together defendants). In one of the negligence counts in that pleading, plaintiffs alleged that Galvin was acting in the scope of his employment with the City of Mendota at the time of the accident. Defendants demurred to the original complaint on the ground that no tort claim had been filed and, therefore, neither the City of Mendota nor any public employee acting in the scope of employment with the City of Mendota could be liable. In response to that demurrer, plaintiffs filed a first amended complaint alleging negligence against Galvin individually. The first amended complaint omitted the prior allegation that Galvin was acting within the scope of his employment with the City of Mendota. Galvin demurred to the first amended complaint, arguing that the omitted scope-of-employment allegation should be read into the first amended complaint under the rule against sham pleading. The trial court agreed, and it sustained the demurrer to the first amended complaint without leave to amend. Plaintiffs appeal.

As we explain more fully below, we believe the trial court erred in sustaining the demurrer under the sham pleading doctrine. Plaintiffs were permitted to plead in the alternative, and they appear to have done so in their original complaint. The scope of employment allegation was alleged as part of one count, but not the other. The removal of one factual basis of liability (i.e., that Galvin was acting in the scope of his employment with the City of Mendota) did not preclude plaintiffs from pursuing in good faith the alternative claim for individual liability. For this reason, we reverse the judgment with instructions that the trial court enter a new order overruling the demurrer to the first amended complaint.

## FACTS AND PROCEDURAL HISTORY

Plaintiffs' original complaint was filed on April 28, 2014. It described the setting of the accident as follows: "On or about August 1, 2012 at or about the hour 4:40 p.m., plaintiff Shelly Barron was operating her vehicle, with her passenger Vincent Barron, eastbound on Herndon Avenue in the number one (1) lane." The accident took place on Herndon Avenue, "approximately 400 feet west of N. Cedar Ave., in the County of Fresno." Allegedly, the accident occurred when plaintiffs' vehicle "was forcibly rear-ended by a vehicle operated by defendant Gerald Galvin."

The original complaint and the first amended complaint were on Judicial Council form pleadings. Both were unverified pleadings. After the preliminary allegations of paragraphs 1–9, paragraph 10 of the form pleading allowed boxes to be checked for the particular causes of action that would be attached. In paragraph 10 of the original complaint, plaintiffs checked the boxes for: (1) "Motor Vehicle," (2) "General Negligence" and (3) "Other (*specify*): Negligent Entrustment." A separate cause of action form was attached for "Motor Vehicle," which was numbered as the first cause of action. A separate cause of action form was also attached for "General Negligence," which was numbered as the second cause of action.

In the first cause of action, for motor vehicle negligence, the original complaint alleged that defendants were negligent in causing the automobile accident. Under paragraph MV-2.b. of said cause of action, plaintiffs checked the box that stated "The defendants who employed the persons who operated a motor vehicle in the course of their employment are (*names*)," and there inserted "City of Mendota." Other boxes were checked in the same paragraph to allege that the City of Mendota also "entrusted" and/or gave "permission" for the vehicle to be operated.

In the second cause of action, for general negligence, it was likewise alleged that defendants' negligence caused the automobile accident. The general negligence cause of action included much more detailed allegations about the accident, including that the

3.

accident occurred "when plaintiffs' vehicle was forcibly rear-ended by a vehicle operated by defendant Gerald Galvin, under the permission of the owner, defendant City of Mendota Police Department, when he negligently failed to apply his brakes in response to the decreasing speed of traffic in front of him." Thus, in addition to asserting Galvin's negligent failure to apply his brakes, the second cause of action reiterated the allegations that the City of Mendota was also responsible for negligently entrusting and/or permitting Galvin to drive the vehicle. However, in contrast to the first cause of action, the second cause of action did not allege that Galvin was acting within the scope of his employment with the City of Mendota at the time of the accident.

On August 20, 2014, defendants filed a general demurrer to the original complaint. The demurrer was made on the following ground: "Defendant City of Mendota is a public entity. Gerald Galvin is the City's Chief of Police. A complaint naming a public entity as a defendant to a tort action must allege compliance with the claims failing requirements of the Government Claims Act. The same rule applies to complaints naming a public employee as a Defendant. The Complaint does not allege facts of compliance relative to either Defendant."

On September 3, 2014, plaintiffs responded to the demurrer by filing a first amended complaint, and also by dismissing the City of Mendota.

The first amended complaint continued to allege negligence against Galvin individually, but the City of Mendota was no longer named as a defendant. Attached to the first amended complaint were the same two cause of action forms—the first cause of action for motor vehicle negligence and the second cause of action for general negligence. However, the first cause of action in the first amended complaint *omitted* the allegation contained in the original pleading that Galvin was acting in the scope of his employment with the City of Mendota. Additionally, neither cause of action in the first amended complaint alleged that the City of Mendota negligently entrusted or negligently

4.

permitted the use of the vehicle.[1] Thus, the first amended complaint was solely against Galvin individually.

On October 20, 2014, Galvin filed a demurrer to the first amended complaint, arguing that the first amended complaint was a sham pleading, and that the facts alleged in the original complaint (regarding scope of employment) should be read into the first amended complaint. According to Galvin's demurrer, once the scope-of-employment allegation is read into the first amended complaint, the demurrer would have to be sustained based on plaintiffs' failure to allege compliance with the government claim statute.[2]

Plaintiffs opposed the demurrer, explaining to the trial court that the first amended complaint was not inconsistent with the original complaint, since only the first cause of action had alleged that Galvin was acting in the scope of his employment with the City of Mendota. The second cause of action did not so allege and was not premised on an employer-employee relationship. As plaintiffs further explained, "the [first amended complaint] is not a sham pleading because it only omitted an alternate factual allegation contained in the previous initial Complaint." The trial court disagreed with plaintiffs'

---

[1] The first amended complaint included broad Doe allegations that continued to leave open the possibility that Galvin was operating the vehicle in the scope of employment or agency with someone. Since the City of Mendota was dismissed and cannot be liable since no tort claim was filed, the Doe allegations are arguably problematic as no other potential employer or principal was mentioned. Nevertheless, although the Doe allegations create some uncertainties, they do not appear to be fatal to the causes of action or otherwise reflect a sham attempt to abuse the process. Of course, if necessary the trial court may allow the allegations to be clarified by subsequent amendment, whether on motion to amend or in response to a special demurrer or motion to strike.

[2] Under Government Code section 950.2, a cause of action against a public employee for injury resulting from an act or omission in the scope of his employment as a public employee is barred if an action against the employing public entity for such injury would be barred for failure to comply with the tort claims statute. "In other words, a claim must be presented to the employing entity in order to sue the employee if a claim would be required to sue the entity." (3 Witkin, Cal. Procedure (5th ed. 2008) Actions, § 252, p. 334.)

5.

analysis and sustained Galvin's demurrer to the first amended complaint without leave to amend.

A judgment for defendants was entered on December 16, 2014. Plaintiffs notice of appeal timely followed.

## DISCUSSION

### I.      Standard of Review

On appeal from a judgment dismissing an action after sustaining a demurrer, we review de novo whether the complaint states facts sufficient to constitute a cause of action. (*McCall v. PacifiCare of Cal., Inc*. (2001) 25 Cal.4th 412, 415.) Where a demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility that the defect can be cured by amendment. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) If it can be, we will conclude the trial court abused its discretion in sustaining the demurrer without leave. (*Ibid*.)

Generally speaking, after an amended pleading is filed, the original pleading is superseded (*Vallejo Development Co. v. Beck Development Co*. (1994) 24 Cal.App.4th 929, 946), and courts will assume the truth of the factual allegations in the amended pleading for purposes of demurrer (*Owens v. Kings Supermarket* (1988) 198 Cal.App.3d 379, 383). However, under the sham pleading exception to these rules, "'admissions in an original complaint … remain within the court's cognizance and the alteration of such statements by amendment designed to conceal fundamental vulnerabilities in a plaintiff's case will not be accepted.'" (*Lockton v. O'Rourke* (2010) 184 Cal.App.4th 1051, 1061.) Where a plaintiff attempts to avoid the destructive allegations in a prior complaint by omitting them without explanation, or by pleading facts inconsistent with such prior allegations, the court may then examine the prior complaint to ascertain whether the amended complaint is merely a sham. (*Vallejo Development Co. v. Beck Development Co*., *supra*, at p. 946.) Absent an adequate explanation, the court may disregard the inconsistent allegations and read into the amended complaint the allegations of the

6.

superseded complaint. (*Owens v. Kings Supermarket*, *supra*, at p. 384; accord, *Banis Restaurant Design, Inc. v. Serrano* (2005) 134 Cal.App.4th 1035, 1044.) If a trial court denies leave to amend based on application of the rule against sham pleading, we review the denial of leave for abuse of discretion. (*Vallejo Development Co. v. Beck Development Co.*, *supra*, at p. 946.)

## II. The Sham Pleading Doctrine Was Inapplicable

As summarized above, under the sham pleading doctrine, facts that are fatal to the original complaint cannot simply be omitted without explanation. (*Hahn v. Mirda* (2007) 147 Cal.App.4th 740, 751.) "A pleader cannot circumvent prior admissions by the easy device of amending a pleading *without explanation*." (*Womack v. Lovell* (2015) 237 Cal.App.4th 772, 787.) The purpose of the doctrine is to enable the courts to prevent an abuse of process. (*Deveny v. Entropin, Inc.* (2006) 139 Cal.App.4th 408, 426.) The rationale is clear: It prevents a plaintiff from being able to play fast and loose with the truth and thereby to breathe life into a dead complaint by omitting the relevant facts that made his previous complaint defective. (See *Vallejo Development Co. v. Beck Development Co.*, *supra*, 24 Cal.App.4th at p. 946.)

However, the doctrine was never intended to prevent honest complainants from correcting erroneous allegations or to prevent the correction of ambiguous facts. (*Deveny v. Entropin, Inc.*, *supra*, 139 Cal.App.4th at p. 426.) Nor was it meant to prevent the removal, in good faith, of an alternative factual allegation that proved to be erroneous or unsupportable. (*Hahn v. Mirda*, *supra*, 147 Cal.App.4th at p. 751.) Rather, the sham pleading doctrine was meant for extreme cases in order to prevent abuses. It "may not be indiscriminately applied; it 'must be taken together with its purpose, which is to prevent amended pleading which is only a sham, when it is apparent that no cause of action can be stated truthfully.'" (*Amarel v. Connell* (1988) 202 Cal.App.3d 137, 144; see *Avalon Painting Co. v. Alert Lbr. Co.* (1965) 234 Cal.App.2d 178, 185 [sham pleading rule "does not exist in a vacuum and cannot be mechanically applied"].)

In *Hahn v. Mirda*, the prior complaint alleged in the alternative that the defendant doctor *did* inform other treating physicians that the plaintiff did not have recurrent breast cancer, and also that the defendant doctor *did not* inform other treating physicians that the plaintiff did not have recurrent breast cancer. (*Hahn v. Mirda*, *supra*, 147 Cal.App.4th at pp. 750–751.) In an amended pleading, one of these alternative factual scenarios was dropped. The Court of Appeal concluded that the sham pleading doctrine was not applicable under the circumstances, explaining as follows: "Here the second amended complaint and the third amended complaint were consistent. Both alleged that on or about February 6, 2002, [the defendant doctor] told [other treating physicians] that [the plaintiff] did not have recurrent breast cancer. While the third amended complaint omitted the alternate allegation that [the defendant doctor] did not tell [other treating physicians] that [the plaintiff] did not have breast cancer, there is no indication that omission was made in bad faith or that [the plaintiff] was engaged in an abuse of process. *Rather, read in context, it appears [the plaintiff] was omitting an alternate factual allegation that had proven to be erroneous. The sham pleading doctrine was not applicable here*." (*Id*. at p. 751, italics added.)

Similarly, in the present case, it appears that plaintiffs' original complaint asserted two distinct factual allegations or counts in the alternative—one that was premised on Galvin being in the scope of his employment with the City of Mendota and one that was not. In the motor vehicle count, the alleged factual premise was that Galvin was driving in the scope of his employment with the City of Mendota. On the other hand, in the general negligence count, plaintiffs did not allege that Galvin was acting in the scope of his employment with the City of Mendota. Rather, in that count, Galvin was allegedly liable as an individual for his own negligence, with the City of Mendota allegedly concurrently responsible for reasons other than Galvin being in the scope of his employment, such as negligent entrustment and/or permission. Thus, when plaintiffs dropped the allegation that Galvin acted in the scope of his employment with the City of

8.

Mendota, they simply removed one distinct alternative allegation, leaving the other intact. Plaintiffs still had their claim against Galvin individually, and were permitted to pursue it under the first amended complaint. Nor was there any indication here that the omission of the scope-of-employment allegation was in bad faith or an abuse of process. Following *Hahn v. Mirda*, *supra*, 147 Cal.App.4th 740, we conclude the sham pleading doctrine was inapplicable in this case.

In support of the conclusion we have reached herein, we note that it is well established that "[p]leading alternative counts is appropriate when the plaintiff is … in doubt about some of the ultimate facts, which may perhaps be largely within the knowledge of the defendant. The facts are inconsistently alleged because the plaintiff does not know which of the alternatives is true or can be established by the evidence." (4 Witkin, Cal. Procedure (5th ed. 2008) Pleading, § 403, p. 543; accord, *Williams v. Southern California Gas Co*. (2009) 176 Cal.App.4th 591, 598 [alternative factual allegations relying on alternative legal theories do not run afoul of truthful pleading]; *Wells v. Brown* (1950) 97 Cal.App.2d 361, 364 [there is no prohibition against pleading inconsistent counts in as many ways as a plaintiff believes may be supported by the evidence].) In substance, this appears to be precisely what occurred here: inconsistent counts or allegations were set forth, one was dropped and the other remained. Thus, the subsequent pleading was not inconsistent with the original one and did not trigger the rule against sham pleading. In context, as in *Hahn v. Mirda*, plaintiffs were simply "omitting an alternate factual allegation that had proven to be erroneous" (*Hahn v. Mirda*, *supra*, 147 Cal.App.4th at p. 751) or that was unavailable.

Finally, we note that the ultimate factual issue of whether Galvin was acting in the scope of his employment with the City of Mendota at the time of the accident would not likely have been within plaintiffs' sphere of knowledge, which supports our construction of the scope-of-employment allegation: Namely, that it was not so much a conclusive admission of fact as it was an alternative factual basis for liability about which plaintiffs

9.

may genuinely have been mistaken.  (See, e.g., *Avalon Painting Co. v. Alert Lumber Co.*, *supra*, 234 Cal.App.2d at pp. 184–185 [omission of agency allegation did not carry onus of untruthfulness or sham where ultimate determination of existence of agency relationship was not clear or basic, but was a complex matter that would depend on evidence]; *Amarel v. Connell*, *supra*, 202 Cal.App.3d at p. 145 [sham doctrine inapplicable where omitted allegations merely went to manner of certain business practices and, in any event, were peculiarly within the knowledge of the defendants].)

For all of these reasons, the sham pleading doctrine should not have been applied in this case.  Plaintiffs' first amended complaint adequately stated a cause of action for negligence against Galvin.  Galvin may seek to defend on the ground that he *was* acting in the scope of his employment with the City of Mendota, but that of course will be a matter of proof.

## DISPOSITION

The judgment is reversed and the matter is remanded to the trial court with directions to enter a new order overruling the demurrer to plaintiffs' first amended complaint.  Costs on appeal are awarded to plaintiffs.

_____
KANE, J.

WE CONCUR:


_____
HILL, P.J.


_____
GOMES, J.